■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY GRANT, Respondent.—Order, Supreme Court, Bronx County, entered December 6, 1977, dismissing the indictment for failure to proceed to trial, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the indictment reinstated. This matter was referred to a trial part for trial after having been previously marked "ready" by both sides in a calendar control part. As a matter of fact the case had been carried on a "ready" status for some period of time. On this particular occasion, however, someone other than the Assistant District Attorney who was to try the case answered "ready" for the People in the calendar control part. In point of fact, the assistant had only concluded his previous engagement in the same trial part as recently as the afternoon before. He requested an adjournment of six business days, eight days in all, in order to submit for the court's signature an application for a material witness order, already prepared, for the return of a witness to New York from Virginia. Allegedly, the witness' whereabouts had only been learned of one or two days before. The prosecutor also urged as additional reasons the immediate unavailability of other potential witnesses and the need for preparation of certain witnesses of tender years. The request for an adjournment was denied and the People were directed to proceed. When the trial assistant stated that he was not ready, the court, *sua sponte*, dismissed the indictment. At the time defendant had been in custody for a little over 10 months. The adjournments covering 5 of these 10 months were charged to defendant. The charge is murder in the second degree. Although the crime was alleged to have been committed on December 8, 1974, defendant, thereafter indicted on December 24, 1974, was not apprehended until his arrest in Florida in January of 1977. We recognize, of course, the trial court's well-intentioned concern with the expeditious disposition of its case load, and its particular interest in the swift resolution of a case which involved a defendant classified as a long-term detainee. This is laudable. However, in the circumstances presented, it was an improvident exercise of discretion to dismiss the indictment. (*People v De Rosa*, 42 NY2d 872.) There were remedies available less drastic than dismissal. Finally, it should be noted that we are not unmindful that the court's problem was brought about, in large measure, by the People's "ready" marking of the case when, in fact, it seems questionable to us as to whether they were ever actually ready. To answer "ready" with the implied understanding that this means subject to the availability of witnesses is one thing. To answer "ready" in the hope a case can be assembled for trial is quite another. In reinstating the indictment, we do not condone such conduct. Concur—Murphy, P. J., Fein, Lane, Sandler and Sullivan, JJ.