■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENSON J. BROWN, Respondent. — Appeal by the People from an order of the County Court, Nassau County, entered March 12, 1980 which granted defendant's motion to suppress certain postarrest statements. The People's notice of appeal is deemed a premature notice from the order entered March 12, 1980. Order reversed, on the law, and matter remitted to the County Court, before a Judge other than the one who presided at the original proceeding, for further proceedings consistent herewith. Defendant was arrested for the crime of burglary in the third degree on June 8, 1979 and indicted, *inter alia,* for that crime on August 13, 1979. After various adjournments, often on consent or at defendant's request, the matter was marked ready for trial on January 4, 1980. On the afternoon of January 10, 1980 a *Huntley* hearing was commenced after a brief adjournment to allow the People to produce the officer who had elicited defendants postarrest statements. The officer testified that afternoon. At the completion of his testimony the prosecutor indicated that he was experiencing difficulty securing his second and final witness, the arresting officer. Representing that the Commissioner of the Rockville Centre Police Department had assured him that the officer would be present the following morning, the prosecutor successfully obtained an adjournment until January 11. On the morning of the 11th the Assistant District Attorney advised the court that on the previous day he had personally served the Rockville Centre Police Department with a subpoena to ensure the officers presence and had been assured the officer would be produced. That morning however the prosecutor learned that the officer had called in sick; in response he instructed the police either to produce the officer or obtain an affidavit from a police surgeon. A police vehicle had been dispatched at the prosecutors insistance to transport the officer to court. A brief continuance was granted at this point in order that the prosecutor might determine whether the officer had been located. At 11 A.M., the Assistant District Attorney stated to the court that the officer had been picked up, but upon becoming ill en route to court he had been taken to the police surgeons office in Mineola. Defense counsel moved to dismiss the indictment on the ground of unreasonable delay. The court declined to dismiss the indictment but instead granted defendants motion to suppress, holding: "Under the circumstances, and the People having failed in their burden and obligation of coming forward, the motion to suppress the statement is granted." Granted leave to reargue the decision a short time later, the prosecutor produced a letter from the police surgeon indicating that the officer was ill with an "acute generalized viral infection" and was unfit to testify in court. Nevertheless the court adhered to its original decision. The court abused its discretion in denying the Peoples application for a further continuance. As a general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the courts jurisdiction and there is a showing of some diligence and good faith *(People v Foy,* 32 NY2d 473). In the case at bar the prosecutor demonstrated both good faith and exemplary diligence in attempting to secure the witness. Termination of the proceeding due to the unforeseeable illness of the witness was an inappropriate resolution of the problem (see *Hall v Potoker,* 49 NY2d 501; *People v Grant,* 63

AD2d 575). Accordingly, the matter is remitted to County Court for a *de novo* hearing to be held before a Judge other than the one who presided at the original proceeding. Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.