■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOE GOGGANS and CHARLIE CARSON, Respondents.—Appeal by the People from two orders of the Supreme Court, Queens County (Bianchi, J.), both dated May 23, 1985, which granted the defendants' motions to suppress evidence on the ground that the People's witnesses did not appear in court on dates scheduled for pretrial hearings.

Orders affirmed.

A suppression hearing was first scheduled in this case for May 6, 1985, at which time neither the defendant Goggans nor the People were ready to proceed. The court directed that all parties be ready to proceed on the adjourned date. On May 16, 1985, the People were again not ready to proceed forthwith, and the court adjourned the hearing to May 23, 1985, advising the Assistant District Attorney that he would dismiss the case if the People were not ready to proceed at that time and that he would not accept the excuse that the officers were on vacation.

On May 23, 1985, both defendants were again ready to proceed, but the People were not. The Assistant District Attorney indicated that the three witnesses, all police officers, were unavailable. She represented that one was "testifying in federal court" without indicating in what case he was appearing or when he might be available; another was "out due to emergency leave on a family matter" without substantiating this in any way; and that the other officer was "on vacation". The court thereupon granted the defendants' motions to suppress.

Under all of the circumstances of this case, Criminal Term did not abuse its discretion in refusing to grant the People any further adjournments. The People failed to demonstrate that they had exercised "some diligence and good faith" in endeavoring to have the witnesses in court *(see, People v Brown,* 78 AD2d 861; *People v Africk,* 107 AD2d 700). Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.