■ In the Matter of ELIZABETH HOLTZMAN, Petitioner, v RICHARD GOLDMAN et al., Respondents.—Proceeding pursuant to CPLR article 78, inter alia, to prohibit the respondent Goldman, a Justice of the Supreme Court, from enforcing his order, entered November 18, 1986, which, in a criminal action entitled People v Babayan (Sup Ct, Kings County, Indictment No. 2287/86), dismissed the indictment upon the People's failure to produce the complaining witness at the defendant's nonjury trial, and cross motion to dismiss the proceeding.

Adjudged that the cross motion is granted, and the proceeding is dismissed on the merits, without costs or disbursements.

After announcing their readiness for trial, at the defen-

dant's nonjury trial, the People failed to produce the complainant who was in Iran, despite the trial court's having granted them a lengthy adjournment. Nor had they obtained any direct information indicating the precise location of the witness or his willingness to appear at the trial of this matter.

While we find that a proceeding pursuant to CPLR article 78 in the nature of prohibition may be brought in this case *(see, People v Brown,* 40 NY2d 381, *cert denied* 433 US 913; *Matter of Holtzman v Bonomo,* 93 AD2d 574), on the merits the trial court did not abuse its discretion in refusing to grant the People any further adjournments, and dismissing the indictment. The People failed to demonstrate that they had exercised diligence and good faith in endeavoring to have the witness, who was outside the court's jurisdiction, produced in court *(see, People v Douglass,* 60 NY2d 194; *People v Goggans,* 123 AD2d 643, *appeal dismissed* 69 NY2d 1000; *People v Africk,* 107 AD2d 700; *People v Brown,* 78 AD2d 861). Niehoff, J. P., Weinstein, Rubin and Eiber, JJ., concur.