■ In the Matter of ELIZABETH HOLTZMAN, Petitioner, v ALAN MARRUS et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondent Alan Marrus, a Justice of the Supreme Court, Kings County, from enforcing an order dated October 8, 1987, precluding the petitioner Elizabeth Holtzman from calling three undercover officers as prosecution witnesses in a criminal action entitled *People v Gerald Charry* under Kings County indictment No. 2798/86.

Adjudged that the petition is granted, without costs or disbursements, and the respondent Marrus is prohibited from enforcing the order of preclusion dated October 8, 1987, made in the criminal action entitled *People v Gerald Charry* under Kings County indictment No. 2798/86; and it is further,

Ordered that the motion of the respondent Marrus to dismiss the petition is denied.

In the first instance, we conclude that while CPLR article 78 proceedings in the nature of prohibition are governed by a four-month Statute of Limitations *(see,* CPLR 217; *Matter of Holtzman v Goldman,* 71 NY2d 564, 568, n 1; 24 Carmody-Wait 2d, NY Prac § 145:237, at 11; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C217:1, at 508; *cf.,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.02), the claimed error in the instant proceeding, namely, the respondent Marrus's alleged wrongful preclusion of the prosecution from offering the testimony of three undercover officers, is in the nature of a continuing wrong since the respondent Marrus is proceeding without or in excess of his jurisdiction in the pending criminal matter *(see,* CPLR 7803 [2]; *see also,* Siegel, NY Prac § 566). Accordingly, while unquestionably more than four months had transpired between the date the order of preclusion was made and the date the respondent Marrus was served with the People's notice and petition, we find that the four-month limitation period usually applicable to proceedings pursuant to CPLR article 78 does not apply herein and, thus, the petition is not untimely.

Additionally, we conclude that the remedy of prohibition is available in the instant proceeding since the action taken by the respondent Marrus did not involve merely a legal error, but the power of the court itself, and it had the practical effect of terminating the underlying criminal proceeding, as witnessed by the People's statement filed pursuant to CPL 450.50 (1) *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 570, *supra).* Moreover, under the circumstances herein, the remedy of prohibition is warranted to enjoin the enforcement of the

respondent Marrus's nonappealable order of preclusion. In the first instance, the record clearly reflects that most of the lengthy delay occasioned in the prosecution of the underlying criminal action was caused by the defendant. Moreover, there is a complete absence of any evidence in the record to demonstrate that the People were acting in bad faith or without due diligence in securing the presence of the undercover officers on the scheduled trial date *(see, e.g., People v De Rosa,* 42 NY2d 872; *Matter of Holtzman v Goldman, supra; People v Chisholm,* 140 AD2d 534; *People v Goggans,* 123 AD2d 643). Finally, the People merely requested a short continuance of 11 days. Under these circumstances, the respondent Marrus exceeded his authority by taking such actions which, for all intents and purposes, terminated the underlying criminal prosecution. Mollen, P. J., Mangano, Thompson and Bracken, JJ., concur.