■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY D. VENABLE, LARRY E. VENABLE and RONALD CARTER, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Linakis, J.), dated February 29, 1988, which, after a hearing, granted that branch of the defendants' omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed on the law, and the matter is remitted to the Supreme Court, Queens County, for a new *Mapp* hearing.

After several adjournments and delays attributable to the defense, the court directed that the *Mapp* hearing be conducted on January 16, 1988, a Saturday, to accommodate the conflicting schedules of the three codefendants' attorneys. The People had been ready on all previous occasions and had not requested any prior adjournments.

At the hearing, a police officer, the only witness for the

People, stated that he had no personal knowledge of the consent which had allegedly been given to his sergeant by the owner of the premises for the police to enter the premises. The prosecutor apprised the court that he had not previously been aware that the owner's consent had been given to the sergeant and not the officer witness. Thus, the prosecutor requested a short adjournment to secure the testimony of the police sergeant who had spoken directly to the owner of the premises. The court denied the request, but adjourned the matter to February 8, 1988, for a decision on the motion to suppress physical evidence.

It is well settled that the decision to grant or deny an adjournment is addressed to the court's sound discretion (see, People v Oskroba, 305 NY2d 113; People v Brown, 78 AD2d 861). We find that the hearing court improvidently exercised its discretion in refusing to grant the People's reasonable request for a short adjournment.

Requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and there is a showing of diligence and good faith (see, People v Foy, 32 NY2d 473; People v Brown, supra). Under the circumstances, we find that all of the foregoing criteria were met.

In addition, the testimony of the prospective witness was extremely probative and material to the issue of whether the police had consent to enter the subject premises. This was the People's first request for an adjournment and the denial thereof resulted in severe prejudice to their case against the defendants. We note that granting the motion would have resulted in little or no prejudice to the defendants, all of whom were free on bail.

Accordingly, the matter is remitted to the Supreme Court for a de novo hearing. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.