OPINION OF THE COURT
Joseph A. Grosso, J.
STATEMENT OF FACTS
The defendant was charged in a felony complaint with grand larceny in the fourth degree and related charges stemming from an incident which allegedly occurred on October *191 16, 1990. The felony complaint was filed with the Criminal Court on October 21, 1990 and the defendant was arraigned on October 22, 1990. The defendant was released on his own recognizance at arraignment and the case was adjourned to an All Purpose Part for November 1, 1990. On November 1, 1990, and thereafter on December 4, 1990 and January 24, 1991, the case was adjourned for Grand Jury action and the People were not ready to proceed. On March 11, 1991, I marked the case final for reduction of charges, for Grand Jury action or for a felony hearing and adjourned the case to March 27, 1991. Again on March 27, 1991 no Grand Jury action had occurred and the People were not prepared to reduce the felony charges pursuant to CPL 180.50 or proceed to a felony hearing pursuant to CPL 180.60. No good cause explanation was offered to excuse the lack of progress on this case. For the reasons stated below, I then dismissed the felony complaint.
CONCLUSIONS OF LAW
The facts in this case reflect a scenario that is repeated all too often in the Criminal Court, the problem of so-called "stale” felony complaints. Commonly, "stale” felony complaints are adjourned to a date more than six months from the commencement of the criminal action and are routinely dismissed for "speedy trial” reasons generally without genuine objection from the prosecutor.
By definition, a felony complaint is a limited purpose or transitional accusatory instrument which serves as the basis for commencing a criminal action but not as a basis for prosecution of the charges (CPL 1.20 [8]). A local criminal court may dismiss a facially insufficient felony complaint at arraignment (see, CPL 140.45, 180.10 [6]); may arraign a defendant and issue a securing order on a felony complaint (CPL 180.10 [6]); may reduce a felony complaint pursuant to CPL 180.50; conduct a felony hearing and take appropriate action upon the completion of a felony hearing (CPL 180.60, 180.70); and may issue an order pursuant to CPL article 730 to determine the defendant’s fitness to proceed on a felony complaint (see, e.g., CPL 730.40 [1]). There are no pretrial motions which can be made on a felony complaint and there is nothing a defendant can do in order to move the case into a trial posture while a felony complaint is pending (compare, CPL 170.30 [1]; 210.20 [1]; Matter of Morgenthau v Roberts, 65 NY2d 749 [1985]).
*192 Thus, until there is either an indictment or a reduction of the charges to misdemeanor level coupled with the appropriate changes to the accusatory instrument, there is virtually nothing defendant can do to answer or defend against the pending allegations.
In this context, a defendant’s right to a prompt felony hearing pursuant to CPL 180.10 (2) becomes a crucial component in the criminal prosecution because it is the only way available to a defendant to test the quality of the People’s case —that ls — is there a sufficient quantum of evidence available to the prosecutor to sustain a continued prosecution at either felony or misdemeanor level. Likewise, if neither felony nor misdemeanor charges can be sustained by legally competent evidence, then the charges must be dismissed (see, CPL 180.70 [4]).
The major aspect of the right to a prompt felony hearing is the means it provides to determine whether there is a basis for a prosecution of the defendant, if any, and whether the prosecution will be continued in the Supreme Court by indictment or the local criminal court by way of information. This statutory right appears to me to require the prosecutor to exercise his/her prosecutorial discretion and determine, in a prompt manner, if, and at what level the prosecution will continue. Implicit in this determination is a more refined specification of the offenses against which a defendant must defend. Due process considerations are clearly implicated when timely and adequate notice of the charges upon which a defendant will be tried is not forthcoming. To withhold or to suspend the prosecutorial determination of whether charges should be prosecuted after a felony complaint has been filed is fundamentally unfair to a defendant since he/she can take no affirmative action to defend against the pending charges. This severely infringes upon a defendant’s due process rights which the court must, pursuant to CPL 180.10 (4), "take such affirmative action as is necessary to [protect]”.
Therefore, it appears to me that it is incumbent upon a court to take action within the existing statutory framework to safeguard a defendant’s due process rights. In the context of a felony complaint, the only action which a court may take is to direct that a felony hearing be conducted pursuant to CPL 180.60 in order to determine by legally sufficient non-hearsay evidence whether the defendant should be held for the action of the Grand Jury or whether the charges should be reduced or dismissed. The statutory framework of CPL *193 articles 180 and 190 requires either direct action of the prosecutor (such as with a Grand Jury presentation) or prosecutorial consent (as with a reduction pursuant to CPL 180.50).
Accordingly, it has been my practice to mark felony complaint dockets "final for Grand Jury Action”; for reduction pursuant to CPL 180.50 or for felony hearing when it appears that such dockets are lying dormant. If there is no Grand Jury action or if the People do not reduce the felony charges, I direct the People to proceed to a felony hearing rather than adjourning the case any longer (see, e.g., Matter of Hynes v George, 76 NY2d 500 [1990]). If the People are unable to proceed to the felony hearing and if no good cause for further adjournments is presented to me, I find that the People failed to show reasonable cause to believe that the defendant committed any offense and dismiss the felony complaint pursuant to CPL 180.70 (4) (see, e.g., People v Goggans, 123 AD2d 643 [2d Dept 1986]). This is precisely what occurred in this case and why I dismissed the instant felony complaint.
I am mindful that each year legislation is proposed by the Office of Court Administration which addresses the problem of "stale” felony complaints. I respectfully recommended that the Legislature explore this problem and take appropriate action.
Accordingly and for the reasons stated herein, the felony complaint is dismissed with leave to the People to continue the prosecution on an appropriate trial accusatory instrument within proscribed statutory time limitations.