■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON NUNEZ, Appellant. [604 NYS2d 582] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Meyerson, J.) both rendered June 27, 1991, convicting him of (1) criminal sale of a controlled substance in the third degree under Indictment No. 7451/90, upon his plea of guilty, and (2) criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree under Indictment No. 9787/90, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, we find that the trial court did not improvidently exercise its discretion in denying the defendant's request for an additional adjournment to enable him to produce a witness. The defendant knew the witness by name and had more than sufficient time to serve the witness with a subpoena so as to ensure his presence at trial *(see, People v Green,* 140 AD2d 370; *People v Hayes,* 116 AD2d 737). Moreover, the defendant failed to make the requisite showing that (1) the anticipated testimony would be favorable to him and not merely speculative *(see, People v Rodriguez,* 188 AD2d 494; *People v Mingo,* 155 AD2d 485; *People v Brown,* 78 AD2d 861) and (2) he exercised good faith and diligence in securing the witness's presence at trial *(see, People v Spears,* 64 NY2d 698, 699; *People v Singleton,* 41 NY2d 402, 405; *People v Villegas,* 190 AD2d 593; *People v Brown, supra).*

Contrary to the defendant's contention, the record indicates that the defendant's waiver of his right to appeal his sentence imposed under Indictment 7451/90 was voluntary, knowing, and intelligent *(see, People v Seaberg,* 74 NY2d 1; *People v*

*Addison,* 196 AD2d 875; *People v Rozo,* 196 AD2d 514; *cf., People v Callahan,* 80 NY2d 273).

The sentence imposed under Indictment 9787/90 was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.