OPINION OF THE COURT
Richard Lee Price, J.
The court has before it two submissions from the District Attorney’s office, both purporting to be the People’s motion to reargue this court’s decision and order of December 22, 2000 by which, pursuant to CPL 30.30, the indictment ¿gainst the defendant was dismissed because the People were not ready to proceed to trial within the allowable period of 184 days. The first submission is date-stamped by the Clerk’s office “received jan 18 2001” and consists of the assigned Assistant District Attorney’s (A.D.A.) affirmation (with exhibits), but not a notice of motion. The last paragraph on the first page of the affirmation states that “this matter is next scheduled to be heard in Part 47 on January 22, 2001.” The affidavit is dated January 10, 2001.
The second submission is not stamped by the Clerk’s office, but it does contain (an undated but signed) notice of motion, setting a return date for the motion of February 5, 2001. The accompanying affirmation of the A.D.A. appears to be identical in all respects to the first submission, including the date of January 10, 2001 and an original signature, except that the last paragraph on the first page now reads that “this matter is next scheduled to be heard in Part 47 on February 5, 2001.”
In fact, the case was not on this court’s calendar on either of the dates mentioned in the AD.A’s affidavit. Rather, the parties appeared on January 10, 2001 and again on February 1, 2001. On the earlier of these dates the motion had not yet been filed, so the case was adjourned in anticipation of it. On the February 1st date, defense counsel had just received the mov *584 ing-papers and the matter was adjourned to February 14, 2001, so that he could submit a response on Mr. Valentine’s behalf. The defense papers were duly received and, despite the procedural irregularities of the moving papers, the matter was then deemed fully submitted for consideration on the merits on Valentine’s Day.
The Motion to Reargue
This court’s prior decision determined that, of the 442 days that elapsed from the criminal court arraignment to the filing of the speedy trial motion, there were 205 days of chargeable time. Conceding all of the other rulings in the decision and order, the People base this motion solely on one adjournment period — March 1, 2000 to April 27, 2000 — which they contend should not have been included in calculating the state of the People’s readiness. If this 57-day period is excluded, the total amount of chargeable time would be just 148 days, well within the permissible time period of 184 days.
In the People’s original response to the CPL 30.30 motion, they asserted that ,on March 1, 2000 the defendant’s previous attorney had moved in court to be relieved and the case was then adjourned several times for new counsel to be assigned pursuant to article 18-B of the County Law. The People argued that “[n]ew 18-B counsel was then not appointed until June 5, 2000. The period of time in which the defendant is without counsel due to no fault of the Court is not chargeable to the People (see C.P.L. 30.30(4)(f); People v. Lassiter, 240 A.D.2d 293) therefore, there is no time chargeable for the period of March 1, 2000 to June 5, 2000.” (People’s affirmation, dated Nov. 6, 2000, 11 [emphasis omitted].)
After this written response, at the hearing held on November 20, 2000, the prosecutor repeated this argument. The defendant’s present defense counsel responded that on March 1, 2000 he had been appointed to represent the defendant contemporaneous to the withdrawal of the prior attorney. He also pointed out that the People were not in fact ready to proceed, and he had been present on each of the subsequent adjourn dates of April 27, June 5, June 15, July 11, July 20, and July 24, 2000, but the People were not ready on any of those dates, either. Notably, the A.D.A. agreed that he had not been ready to proceed on any of those dates, only arguing that just the specific adjourn periods requested by him should be included, but not the entire length of each of the adjournments.
This court’s decision of December 22, 2000, relying upon the minutes of March 1, 2000, confirmed defense counsel’s asser *585 tion that he was appointed in court that day and concluded that there was no basis to apply the rule that excludes a period where the defendant is “without counsel through no fault of the court” (CPL 30.30 [4] [f]). In addition, the decision noted that court records confirm that the case was adjourned solely because the People were not ready on March 1, 2000 to proceed with the Wade hearing. Accordingly, because the prosecutor was not ready and did not make a specific request for when the case should be adjourned to, all time was found to be a proper charge to the People.
In support of the motion to reargue, the assigned Assistant still does not deny that he was unprepared on March 1st to proceed with the Wade hearing, but he now makes multiple arguments as to why this period should be excluded. First, he contends that because new defense counsel was not going to receive the discovery materials from the outgoing attorney until the following day (as the minutes reflect), the adjournment to late April was “to permit the new attorney to familiarize himself with the case and for the relieved attorney to turnover [sic] the necessary paperwork.” (People’s affirmation, dated Jan. 10, 2001, at 3.) He continues: “The fact that the new attorney did not actually request the time is irrelevant. Common sense and the unequivocal record demonstrate that this adjournment was at the request and or consent of the defense. Once an exception in C.P.L. section 30.30(4) is ‘triggered’, the People’s readiness is not relevant. As such the period of this delay was totally for the benefit of the defendant at [sic] with the defendant’s consent. Delays resulting from adjournments requested or consented to by the defendant are not chargeable to the People regardless of the People’s readiness.” (Id., at 3-4 [citations omitted].)
Second, the People now argue that because defense counsel had not received the discovery material, and it was made plain on the record that new counsel would have to retain an investigator, the defendant was “effectively without counsel and also not ready to proceed.” (Id., at 4.)
Third, the People now argue that because the prior attorney made a motion to be relieved and it was granted, “[t]he People are not required to be ready during which time there is a pending motion before the Court, which is made for the benefit of the defendant.” (Id.) Last, the People argue that they are “also entitled to a reasonable adjournment following a decision on a motion made by the defense for the defendant’s benefit.” (Id.)
In response, defense counsel first points out that “[t]he People do not contest the fact that they did not have a witness *586 available to testify at the hearing on that date and thus were not ready.” (Affirmation of defense counsel, dated Feb. 12, 2001, at 2.) Counsel then states[1] that the People’s “argument is a distortion of what actually occurred” on March 1, 2000.
“When Mr. Guzman made his appearance on the first call it was clearly understood by both parties and the Court that the ordered hearing would not take place that day because the People did not have a witness * * * In the event that the People had been ready on that day, Mr. Guzman was also ready to proceed. Only after the People informed Mr. Guzman of their status did he decide to make his application due to the family’s inability to hire an investigator necessary for trial * * * Thus it is the defendant’s position that the adjournment was solely for the people’s benefit in order for them to secure the necessary witnesses for the hearing * * * They were required to be ready at that point in time and were unable to go forward. New counsel neither requested an adjournment nor consented to any time being excludable.” (Id., at 2-3.)
Discussion
Preliminarily, attention must be given to the nature of the present motion, which is labeled a motion to reargue. CPLR 2221 was revised in 1999 (L 1999, ch 281) to clearly define the elements of motions to reargue or renew, and to require that counsel precisely label the motion as what .it is.
“A motion for leave to reargue:
“1. shall be identified specifically as such;
“2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and
“3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.” (CPLR 2221 [d].)
In contrast, a “motion for leave to renew:
“1. shall be identified specifically as such;
“2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall dem *587 onstrate that there has been a change in the law that would change the prior determination; and
“3. shall contain reasonable justification for the failure to present such facts on the prior motion.” (CPLR 2221 [e].)
Finally, subdivision (f) of CPLR 2221 provides for a “combined motion for leave to reargue and leave to renew” where both appropriately define the nature of the application. Such a multifaceted motion “shall identify separately and support separately each item of relief sought.” (CPLR 2221 [f].)
The People’s motion is not properly labeled a motion to reargue because, although adhering to the earlier legal assertion that the defendant was “without counsel through no fault of the court,” within the meaning of CPL 30.30 (4) (f), the People now recognize and argue from the true facts of what occurred at that appearance, as reflected in the minutes of March 1, 2000.
Counsel states he did not have these minutes at the time of his written response and the November 20, 2000 hearing. No explanation is given in the moving papers for why these minutes were not obtained previously, since the People have the affirmative duty of making a record in support of any time periods they believe are not includable. (People v Santos, 68 NY2d 859, 861-862 [1986].) While it is true that generally court reporters are not held to be within the control of the prosecutor’s office (People v Hueston, 171 AD2d 812, 812-813 [2d Dept 1991]), the original responding affidavit submitted by that office was plainly incorrect and contained no “relevant supporting documentation from its records and court records.” (People v Lacey, 260 AD2d 309, 311-312 [1st Dept], lv denied 93 NY2d 1003 [1999].) At the hearing the A.D.A. only stated that “the People’s records indicate that it [the adjournment] was for 18-B to be appointed.” (Hearing transcript, Nov. 20, 2000, at 11.) Therefore, given defense counsel’s assertion at the hearing that he was appointed on March 1, 2000 and the case was not repeatedly adjourned through June 15, 2000 for the appointment of new defense counsel, it was incumbent upon the People to request a continuance of the hearing or, at the very least, ask for further time in which to supplement their written response, in order to secure the minutes and make the requisite showing. (See People v Holden, 260 AD2d 233, 234 [1st Dept], lv denied 93 NY2d 1003 [1999].)
In the absence of such a request, this court ordered the minutes and, receiving them within a matter of weeks, issued its ruling confirming defense counsel’s version of the events.
*588 Given the strict labeling requirement of the statute, Professor Siegel, in his Supplementary Practice Commentaries,[2] suggests that merely ignoring the substantive distinctions between the motions undermines the clear legislative purpose. He does not explicate what that purpose is, however, and given his well-taken reference to the proscription in CPLR 104 to. “liberally” construe the rules so as “to secure the just, speedy and inexpensive determination of every civil judicial proceeding,”[3] this court finds that the Legislature’s purpose in revising the rule to require strict labeling was to provide a guide for the litigator and an aid to the courts. It is not a strict prerequisite to a determination on the merits. This is especially true here, given that the motion (albeit, without a notice of motion) was promptly filed within 30 days of the order’s entry, and there is no prejudice to the defendant in treating the application as what it is — a motion for leave to renew.
However, reaching the merits, the four arguments advanced by the People are not persuasive. Contrary to the prosecutor’s assertion, neither “common sense” nor the “unequivocal record” indicates that the adjournment was “at the request of and or consent of the defense.” While the incoming defense attorney certainly benefitted from the adjournment, it was not granted “at the request of, or with the consent of, the defendant or his counsel.” (CPL 30.30 [4] [b].) Rather, it is plain from this court’s records and the minutes that the A.D.A. was unable to go forward with the Wade hearing, and the application by the prior attorney to be relieved was second in line to the prosecutor’s off-the-record acknowledgment that he was *589 not ready and needed to request an adjournment. That the prosecutor did not then go on to say so on the record is irrelevant since neither did he state that he was ready (People v Kendzia, 64 NY2d 331 [1985]), nor request an adjournment of a specified length, so as to limit the speedy trial calculations (People v Rivera, 223 AD2d 476 [1st Dept], lv denied 88 NY 852 [1996]). Indeed, with the exception of August 30, 1999, when the defendant was arraigned upon the indictment, the People never stated their readiness on the record, nor filed a statement of readiness, up to the point that the CPL 30.30 motion was filed. Unlike the situation in People v Camillo (279 AD2d 326 [1st Dept 2001]), it is not unreasonable to conclude here that the August 30, 1999 declaration was merely illusory and the People were never really in a position of postreadiness.[4] We need not go that far, however, because the present reference to the entry of new defense counsel and his need to await the discovery material on the morrow would justify, at most, excluding no more than one additional day, thus making any recalculation of the time against the People unnecessary.
The People’s second argument, that because the incoming defense attorney was not going to be receiving the discovery material from the outgoing attorney until the following day and would thereafter have to engage an investigator, the defendant should be deemed to be “effectively without counsel and also not ready to proceed,” is truly specious. CPL 30.30 is a People’s readiness requirement and the only exceptions are the statutory ones found in subdivision (4). Counsel has failed to cite any case in which a defendant whose attorney is still awaiting discovery or an investigator’s report has been deemed to be “effectively without counsel and also not ready to proceed.”
The third argument, that the People are not required to be ready during the pendency of a defense motion, is right on the law but wrong on the facts because, of course, there never was any hiatus. This is a nonargument that borders on the frivolous.
Finally, the People argue that they are “entitled to a reasonable adjournment following a decision on a motion made by the *590 defense for the defendant’s benefit.” While the language of CPL 30.30 (4) (a) does not strictly provide for this exception, it is true that the courts have read this interpretation into the statute, in the context of preparing responses to pretrial motions (People v Robinson, 225 AD2d 399, 401 [1st Dept 1996]), or to prepare for hearings after the determination of pretrial motions (People v Roebuck, 279 AD2d 350 [1st Dept 2001]), which the statute does mention. Here, however, there is no articulable basis for allowing the People “preparation” time where the substitution of counsel did not require the A.D.A. to prepare for anything other than getting the witness he was already, repeatedly, unable to do. Once again, the argument is senseless and is no less frivolous than the previous argument.
Conclusion
Accordingly, for all of the foregoing reasons, the motion to renew, denominated as one to reargue, is granted and, upon renewal, the original determination is adhered to.

. The affirmation of counsel recites that it is based upon, among other things, “conversations had with prior counsel and the defendant.”

. McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:7, 2001 Pocket Part.

. There is a minor question of whether the Civil Practice Law and Rules are ever applicable to criminal proceedings. See People v Crisp (268 AD2d 247 [1st Dept], lv denied 94 NY2d 946 [2000]), in which the First Department, in the context of Grand Jury proceedings, indicates that they are not. That Court refers to “the Court of Appeals’ practice of interpreting CPL provisions in accordance with the CPL’s statutory scheme and without resort to the CPLR (see, People v Coaye, 68 NY2d 857, 858-859, n)” and cites to their own decisions in People v Silva (122 AD2d 750 [1st Dept 1986] [CPLR requirement of entry and service of order not applicable to order made in criminal court on the record]) and the more recent decision in People v Holden (supra, 260 AD2d, at 234 [time set by CPLR 2214 (b) for answering a motion not applicable to speedy trial motion]; but see People v Davis, 169 Misc 2d 977 [Westchester County Ct 1996] [pointing out inconsistency between the Silva decision and the First Department’s decision in People v Bestline Prods., 52 AD2d 17 (1st Dept 1976) (approving use of discovery motion pursuant to CPLR 408), revd on other grounds 41 NY2d 887 (1977)]). Given the treatment of the instant motion on its merits, this is not an issue of any moment.

. Accordingly, the better inquiry might be whether the full extent of each adjournment should be charged to them, notwithstanding their requests on subsequent appearances for specified periods of adjournment. (People v Kendzia, supra; People v Dushain, 247 AD2d 234 [1st Dept], lv denied 91 NY2d 1007 [1998]; People v McBee, 172 Misc 2d 196 [Sup Ct, Kings County 1997].)