■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SCOTT SCHAFER, Respondent. [57 NYS3d 875]—

Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), entered September 9, 2015. The order, insofar as appealed from, granted that part of the omnibus motion of defendant seeking to suppress physical evidence obtained upon a warrantless search.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law, the People's request for an adjournment is granted, the first ordering paragraph is vacated, and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: The People appeal from an order that, inter alia, granted that part of defendant's omnibus motion seeking to suppress physical evidence obtained upon a warrantless search. The two sheriff's deputies who conducted that search found various pieces of heavy equipment that allegedly had been stolen from the complainant's property within the prior year. As a result, defendant was charged by indictment with one count of criminal possession of stolen property in the third degree (Penal Law § 165.50). Thereafter, the People provided defendant with a statement from his girlfriend indicating that she gave the deputies consent to search the property where the equipment was found. Defendant made an omnibus motion seeking, inter alia, suppression of all physical evidence on the ground that the deputies lacked consent to conduct the warrantless search or, in the alternative, a *Mapp* hearing.

County Court held a *Mapp* hearing on August 5, 2015, but the two deputies who conducted the warrantless search were not present, and they could not be reached by telephone. The People represented to the court that the deputies were under subpoena and requested a brief adjournment. The court noted down the names of the deputies and reserved decision. The

next day, the People sent the court a letter explaining that one of the deputies had been in a meeting, the other was home sick, and that both would be available to testify on an adjourned date. The court concluded, however, that there was "no reason" for the deputies' nonappearance and that the People had a "full and fair opportunity to present their case." Inasmuch as the People failed to meet their burden on the issue of consent, the court granted that part of defendant's omnibus motion seeking to suppress the physical evidence at issue.

We agree with the People that the court erred in refusing to grant their request for an adjournment. It is well settled that "the decision to grant an adjournment is a matter of discretion for the hearing court" (*People v Lashway*, 25 NY3d 478, 484 [2015]; *see People v Lindsey*, 129 AD3d 1482, 1483 [2015], *lv denied* 27 NY3d 1001 [2016]). There are, however, well settled considerations to help guide a court in the exercise of its discretion. As relevant herein, for instance, "when [a] witness is identified to the court, and is to be found within the jurisdiction, a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court or others" (*People v Foy*, 32 NY2d 473, 478 [1973]; *see People v Venable*, 154 AD2d 722, 723 [1989]). Additional relevant considerations in determining whether to grant a request for an adjournment include whether it was the moving party's first request, whether the subject witness or witnesses would offer material testimony favorable to that party, and the degree of prejudice to the nonmovant (*see Venable*, 154 AD2d at 723; *see also People v Hartman*, 64 AD3d 1002, 1003-1004 [2009], *lv denied* 13 NY3d 860 [2009]). Here, the deputies who conducted the warrantless search were under subpoena and were identified to the court. Contrary to defendant's contention, the court was entitled to rely on the prosecutor's representation in open court concerning the issuance of subpoenas inasmuch as a prosecutor is an officer of the court with an " 'unqualified duty of scrupulous candor' " (*People v Hameed*, 88 NY2d 232, 238 [1996], *cert denied* 519 US 1065 [1997]). Moreover, the request was the People's first request for an adjournment, the testimony of the witnesses would be material and favorable to the People, and there was minimal prejudice to defendant, who had been released from custody on his own recognizance. In contrast, the People suffered severe prejudice because the refusal to grant an adjournment resulted in the suppression of all physical evidence.

We therefore reverse the order insofar as appealed from,

grant the People's request for an adjournment, vacate the first ordering paragraph, and remit the matter to County Court for a new *Mapp* hearing. Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.