The People of the State of New York, Appellant, 
against
Tricia Croal, Defendant-Respondent.




The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), dated February 28, 2018, which granted defendant's motion to suppress evidence.




Per Curiam.
Order (Harold Adler, J.), dated February 28, 2018, reversed and the matter remanded to criminal Court for a new determination of defendant's motion to suppress evidence, following a hearing.
The hearing court improvidently exercised its discretion in denying the People's request for a six-day adjournment of the suppression hearing because the arresting police officer was on his "regular day off" (see People v De Rosa, 42 NY2d 872, 873 [1977]; People v Schafer, 152 AD3d 1228, 1228-1229 [2017], lv denied 30 NY3d 1022 [2017]). The People made a good faith and diligent attempt to secure the witness (see People v Foy, 32 NY2d 473, 478 [1973]), whose testimony was dispositive to the People's ability to prove their case (see People v Venable, 154 AD2d 722 [1989]). Defendant's speedy trial rights would not have been affected by the requested adjournment (see People v De Carr, 158 AD2d 912, 914 [1990], lv denied 75 NY2d 965 [1990]), inasmuch as the vast majority of the adjournments prior to the scheduled suppression hearing were attributable to the defendant, who either failed to appear or answered not ready on seventeen prior occasions. There was also minimal prejudice to the defendant, while the People suffered severe prejudice since they were unable to proceed without the officer's testimony.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 16, 2019