People v Reeves (2026 NY Slip Op 50064(U))

[*1]

People v Reeves

2026 NY Slip Op 50064(U)

Decided on January 20, 2026

District Court Of Nassau County, First District

Agazarian, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2026
District Court of Nassau County, First District

The People of the State of New York,

againstMyeshia Reeves, Defendant(s)

Docket No. CR-017729-24NA

Dominic Errichiello, Esq., Attorney for Defendant
Anne Donnelly, District Attorney of Nassau County

Jaclene Agazarian, J.

The following named papers were considered:
Notice of Motion for Leave to Reargue 1 Affirmation and Supporting Memorandum of Law in Opposition 2 Reply Affirmation 3PRELIMINARY STATEMENTThe instant motion to renew/reargue was necessitated by, in pertinent part, the People's belated disclosure of a 911 recording. For months, the People had affirmatively maintained that no such call was made and that no such call existed before ultimately providing the 911 recording to the defense.
Defendant is charged, by information with one (1) count of Promoting Prison Contraband in the Second Degree (Penal Law "PL" §205.20[1]). The charge stems from an incident alleged to have occurred on or about September 13, 2024 at 6:05 p.m., at 100 Carmen Avenue in East Meadow, New York.
Defendant previously moved the Court for an order deeming the People's Certificate of Compliance ("COC") and Supplemental Certificate of Compliance ("SCOC") invalid and striking their Certificate of Readiness ("COR") based upon their alleged failure to exercise due diligence in timely complying with their discovery obligations. In its June 6, 2025 decision, this Court found, based upon the information presented at the time, that the People demonstrated due diligence and good faith prior to filing their initial COC on December 20, 2024. With respect to the then alleged missing 911 tapes/radio communications, the Court found the People's assertions that said material did not exist to be "credible," "absent evidence to the contrary," and preserved Defendant's right to challenge same should evidence to the contrary emerge. The Court further found that the speedy trial clock was tolled on December 23, 2024, when the People mailed their COC and COR to defense counsel. As a result, Defendant's motion to invalidate the People's COC/COR was denied. The motion to dismiss, pursuant to CPL 30.30, was also denied as the People were charged with a total of eighty-nine (89) days. 
Thereafter, on August 3, 2025, in preparation for a hearing scheduled on the instant matter, defense counsel discovered a document located within the previously disclosed discovery, namely the case narrative from the Nassau County Sheriff's Department which confirmed the existence of a 911 call. After bringing this specific document to the People's attention, the People obtained the recording, provided it to the defense, and filed a Supplemental Certificate of Compliance (SCOC) on August 5, 2025. 
Defendant now moves, pursuant to CPLR 2221(d) and (e), for leave to reargue/renew the Court's previous Decision and Order, dated June 6, 2025. Upon being granted such leave to reargue/renew, Defendant moves for dismissal pursuant to CPL 170.30, 245.10, 245.20, 245.50 and 30.30 on the ground that the People failed to validly certify compliance and readiness within the statutory speedy trial period. Defense counsel further urges the court to apply the pre-August 7, 2025 version of CPL Article 245, asserting that the statutory framework in effect at the time of the Court's June 6, 2025 decision governs the resolution of the instant motion. The People have submitted opposition and Defendant has submitted a reply.
DISCUSSION
Reargue/Renew [FN1]

Although defense counsel has identified the instant application as a motion to reargue, a review of the motion papers and enumerated relief sought therein reveals that the application seeks both reargument and renewal of the court's Decision and Order dated June 6, 2025, pursuant to CPLR 2221(d) and (e). While it should have been clearly labeled as such, it is not a strict prerequisite to a determination on the merits (People v Valentine, 187 Misc 2d 582, 586-88 [Sup Ct, Bronx County 2001]; CPLR 2221[d], CPLR 2221[e]) and the People do not argue otherwise.[FN2]

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). Therefore, to prevail on such a motion, a movant must show that the court "overlooked or misapprehended the relevant facts or misapplied any controlling principle of law" (McGill v Goldman, 261 AD2d 593, 594 [2d Dept 1999]). To this point, defense counsel argues that the court "made an error in fact or in law in just taking the People's word, and their alleged basis thereof, for the fact that materials that [*2]would always, obviously, exists, did not exist in this case."
Defendant has failed to demonstrate that the Court overlooked or misapprehended any material fact or controlling principle of law in its June 6, 2025 decision, as required under CPLR 2221(d) (see McGill v Goldman, 261 AD2d at 594). The Court's prior determination did not rest on a misapprehension of the facts or the law, but on the People's representations, made as officers of the court and uncontroverted on the record, as it then existed, that the disputed 911 tapes and radio communications did not exist. A court is entitled to rely on such representations absent evidence to the contrary (see People v Schafer, 152 AD3d 1228, 1229 [4th Dept 2017]; People v. Hameed, 88 NY2d 232 [1996]). Defendant's current arguments rely on facts discovered after the Court's decision, namely, confirmation that the 911 tapes and radio communications do exist, which by definition were not before the court in the original motion and therefore cannot support reargument as a motion to reargue cannot be predicated on new facts (see CPLR 2221[d]). Accordingly, Defendant's motion for leave to reargue is DENIED. 
A motion to renew is more applicable to the instant case, as it provides that said motion: "(2) shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (3) shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e]). 
Here, the defense contends that the Nassau County Sheriff's narrative, together with the People's August 2025 disclosure of the 911 call and radio communications, constitutes new evidence establishing the existence of the sought-after materials and, therefore, presents new facts that would have altered the court's prior determination. Defense counsel asserts that the court relied upon the People's representation that the 911 call and radio communications did not exist, as the June 6, 2025 decision expressly found the People's assertion to be "credible," "absent evidence to the contrary." Defense counsel maintains that because it is now apparent that the People's representation was inaccurate and that the materials were in the People's possession at the time of their initial filing on December 20, 2024, the People's COC/COR must be stricken as invalid and illusory. Moreover, defense counsel contends that the court must assess the People's compliance, readiness, and any alleged illusory filings under the statutory framework and legal standard in effect as of June 6, 2025, without reference to the subsequent amendments to the Criminal Procedure Law that became effective in August 2025.
The defense further asserts that despite repeated requests by email and on the record in open court for the 911 recordings and radio communications, both before and after filing the COC, the People repeatedly and affirmatively represented that such materials did not exist. Defense counsel thus maintains that his failure to present these materials on the prior motion was reasonably justified, insofar as he relied on the People's ethical obligations and affirmative representations regarding the nonexistence of the records, and asserts that he was under no legal obligation to independently investigate or uncover documents that, according to the People, did not exist.
In opposition, the People contend that Defendant was in possession of the "paperwork that identifies there was a 911 call ... on December 20, 2024." Accordingly, the People maintain that Defendant's motion for renewal should be denied as Defendant failed to provide a reasonable justification for the failure to present the new facts in his prior motion.
Furthermore, the People assert that they had no reason to believe that the 911 call existed as the CAD report, CFS Chronology and the CFS overview all show no 911 calls or radio communications. The People aver that upon becoming aware that the 911 call did in fact exist, they corrected the "inadvertent non-disclosure and turned it over to opposing counsel immediately" and therefore there was no prejudice. The People conclude that they exercised due diligence prior to certifying compliance and filed a valid COC/COR on December 20, 2024 and, that even if this court disagrees, "the defect was cured and ... the proper remedy is the least restrictive means, and in this case, it would be re-opening the hearing." Finally, the People maintain that the new discovery laws that took effect on August 7, 2025 govern this matter as they apply to all "pending" criminal actions.
As a threshold matter, the court must determine which version of CPL Article 245 governs its consideration of Defendant's motion brought pursuant to CPLR 2221(e). A motion to renew, by its express terms, "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). The statute thus directs the court to evaluate whether the newly presented facts would have altered the earlier determination, which necessarily requires analysis under the legal framework that governed at the time the prior determination was rendered. Here, the court's original decision was issued on June 6, 2025, prior to the amendments to Article 245 that became effective on August 7, 2025. Accordingly, the operative question on renewal is whether the newly offered facts, had they been available, would have changed the court's June 2025 ruling under the pre-amendment statute. It would be improper to measure the effect of new facts against a subsequently enacted version of the CPL 245, as CPLR 2221(e) expressly ties the inquiry to the "prior determination," which itself was grounded in the pre-August 7 discovery framework. Nothing in CPLR 2221(e) authorizes the court to retroactively replace the governing law applicable to the earlier decision, nor is there any indication that the Legislature intended the August 7 amendments to Article 245 to apply retroactively to decisions previously rendered by the court (see e.g. People v. Free, 86 Misc 3d 1273[A] [Crim Ct, New York County 2025]). Further, the People certified their compliance based upon the legal requirements in place on December 20, 2024, and this Court expressly preserved the Defendant's right to challenge the People's claims regarding the disclosure at issue. Thus, under the particular facts and circumstances of this instant case, the Court finds the version of CPL 245 in effect on June 6, 2025 should be applied to the instant decision.
Accordingly, the Court finds that Defendant has satisfied the requirements for a motion to renew under CPLR 2221(e) by identifying new facts not presented in the prior motion that, if known at the time, would have altered the Court's June 6, 2025 determination. It is clear from the language of the prior decision that the Court relied upon the People's representations regarding the 911 call and radio communication since, at the time, there was "no evidence to the contrary." The Court preserved Defendant's rights should "there become a basis to question the People's assertions." Accordingly, the confirmed existence of the 911 call and radio communications constitute such facts that, if known at the time of the prior decision, would have altered the Court's determination under the statutory framework as it existed at the time. The defense has also provided a reasonable justification for failing to present these materials in the prior motion, namely, reliance on the People's certification and continuous assertions that the materials did not exist and the expectation that opposing counsel, as officers of the court, would [*3]provide accurate information regarding the existence of discoverable material.
Therefore, based upon the new facts presented to the Court, Defendant's motion to renew is GRANTED.
Validity of the People's Certifications
The People filed their initial COC and COR with the court on December 20, 2024. On January 6, 2025 the People filed their first SCOC and Supplemental Certificate of Readiness (SCOR). On January 23, 2025, defense counsel notified the People, via email, that certain items were not disclosed, specifically, inter alia, 911 tapes/radio communications. The Court notes that this email comports with Defendant's obligation to notify the People as to any potential defects or deficiencies related to the COC pursuant to CPL 245.50(4)(b)[FN3]
. The People asserted that no tapes existed, Defendant continued to question that claim and to demand same, and the People continued to maintain that none existed.
On August 3, 2025, defense counsel discovered a document located within the provided discovery which confirmed the existence of a 911 call. After bringing same to the People's attention, the People filed an additional SCOC and provided the 911 call and radio communications to defense counsel. 
As discussed supra, the Court applies the statutory framework in effect on June 6, 2025 to the instant decision. As a result, all the law cited herein is as it existed on that date.
CPL 245.20(1) requires the prosecutor to disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." The statute then enumerates a non-exhaustive list of materials subject to disclosure, including 911 recordings. Where discoverable material or information under CPL 245.20(1) exists but is not within the People's possession, custody or control, the People are required to "make a diligent, good faith effort to ascertain the existence of [that] material or information . . . and to cause such material or information to be made available for discovery. . . ." (CPL 245.20[2]). A prosecutor, however, is not required to obtain such information or material by subpoena duces tecum where a defendant is able to do so (id.).
"On a motion to declare a COC invalid, the defendant must first 'identify a specific defect with the People's [COC],' then the burden shifts to the People to 'demonstrate the propriety of their certification.' The People must explain, in detail, the reasonable inquiries they made to obtain the discoverable materials" (internal citations omitted) (People v Abisdid, 83 Misc 3d 857, 859 [Crim Ct Kings County [2024]). Defendant asserts that the People's COC is invalid because the People failed to disclose information discoverable under, inter alia, CPL 245.20(1)(e), (1)(g) and (1)(u). The People contend they have complied with their discovery obligations.
After the People have complied with their discovery obligation, CPL 245.50(1) requires [*4]that the prosecutor 
"shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided. . . . No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant remedy or sanction for a discovery violation as provided in section 245.80 of this article."Further, where, as here, the People filed a supplemental certificate of compliance, CPL 245.50(1-a) provides that:
"Any supplemental certificate of compliance shall detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the certificate of compliance. The filing of a supplemental certificate of compliance shall not impact the validity of the original certificate of compliance if filed in good faith and after exercising due diligence pursuant to section 24.20 of this article, or if the additional discovery did not exist at the time of the filing of the original certificate of compliance."Whether the People have complied with their statutorily prescribed discovery obligations, "is measured by a tally of the known and existing material, after the 'exercising [of] due diligence and making [of] reasonable inquiries to ascertain [its] existence' (CPL 245.50 [1])" (People v Aquino, 72 Misc 3d 518, 525 [Crim Ct Kings County 2021]). Thus, "[i]f the People establish that they exercised due diligence and acted in good faith in filing their certificate, their certificate of compliance shall be deemed valid" (People v Salters, 72 Misc 3d 1219[A][Nassau Dist Ct 2021]).
As explained by the Court of Appeals in People v Bay, (41 NY3d 200, 212 [2023]), "the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of due diligence." Thus, "where the People fail to set forth their efforts to locate items of discovery or determine that they do not exist, or the efforts they describe do not amount to due diligence, their certificate may be invalidated" (People v Perez, 73 Misc 3d 171, 177 [Sup Ct Queens County 2021]). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented. There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor'" (Bay at 212 [internal citations omitted]). "On the other hand, the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id.)
Defense counsel argues that the People's COC, SCOC, COR and SCOR are invalid and illusory because the People failed to disclose the aforementioned discoverable items and failed to exercise due diligence in discharging their discovery obligations. Defense counsel contends that [*5]it is now undisputed that the 911 call and radio communications exist and have been in the People's possession since the inception of this case (CPL 245.20[2]). The defense further asserts that, despite repeated requests for these specific and limited items, the People repeatedly and affirmatively represented that such materials did not exist without making reasonable inquiry. Defendant claims that the People did not take any affirmative steps to locate and turn over the requested materials until some seven (7) months after filing their initial COC. Summarily, the defense contends this evidences bad faith, displays a lack of due diligence and requires the court to strike the People's certifications. Defense counsel maintains that had the People simply "contacted Sheriff Investigator Vogt, he could have told them he called 911."
In opposition, the People maintain that their certifications were filed in "good faith after making diligent efforts to obtain and disclose all material subjects [sic] to disclosure." The People provide a synopsis of how they obtain discovery in every case and recount that their office began requesting discovery items on this case on September 24, 2024, one day prior to Defendant's arraignment, which was repeated every two weeks until either all the requested discovery was provided or the NCPD affirmatively confirmed it did not exist. The newly assigned assistant asserts that 98 materials were disclosed with their initial COC, some of which contained multiple pages, photographs and videos. The People further aver that the case was complex in that it involved gathering discovery from two law enforcement agencies, namely the Nassau County Police Department and the Nassau County Sheriff's Department, as well as, the Nassau County Office of the Medical Examiner.
Specifically, with respect to the 911 call and radio transmissions, the People contend the existence of these materials was "not obvious to the People because, based on the investigation carried out by the involved agencies, the People had no reason to believe these recordings did in fact exist." The People maintain that once they "learned these recordings existed" they immediately provided them to defense counsel. The People conclude that under the factors as enumerated in Bay, they exercised due diligence and their COC/COR should not be invalidated.
Here, the Court finds that the People failed to show that they exercised due diligence when they filed their COC on December 20, 2024 and SCOC on January 6, 2025 as required by CPL 245. This determination rests not on an isolated oversight by the People, but on the People's repeated and affirmative representations, made both to the Court and to the defense, that no 911 call or related radio transmissions existed, when in fact such materials did exist and were within the People's possession at all relevant times. The record reflects that defense counsel was persistent in his request for these specific materials over the course of several months, and that the People's failure to provide or locate them stemmed not from their unavailability, but from a lack of reasonable inquiry by the People, including the failure to ask the Sheriff investigator assigned to the matter and the failure to read through their own discovery. Based upon a case specific analysis, where Defendant made multiple demands for a specific item of discovery, it was unreasonable for the People to take no affirmative steps to inquire as to its existence. If they had inquired or reviewed their records, they would have known a 911call was made, the time the call was made, and the operator of the call. Had the Court been aware at the time of its June 6, 2025 decision not only that the 911 call existed, but also that reference to its existence was within the People's possession at the time they certified compliance while continuing to deny its existence, the Court would not have found the COC valid. Under these particular circumstances, [*6]the defect cannot be cured by the People's subsequent disclosure. As such, the People's December 20, 2024 COC and January 6, 2025 SCOC are deemed invalid and the corresponding COR and SCOR are deemed illusory. 
Accordingly, that portion of the Defendant's motion seeking an order deeming the People's December 20, 2024 COC and January 6, 2025 SCOC invalid and the corresponding COR and SCOR illusory, is hereby GRANTED. 
Speedy Trial
A motion made pursuant to CPL 170.30 must be granted when the People are not ready for trial within 90 days of the commencement of a criminal action where, as here, "a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony" CPL 30.30(1)(b). It is well settled that speedy trial time begins to run on the day following commencement of the criminal action (see People v Stiles, 70 NY2d 765 [1987]). Here, Defendant was arraigned on September 25, 2024. Thus, the speedy trial time commenced on September 26, 2024, and the People are required to be ready within 90 days thereof, less excludable periods.
Furthermore, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20" (CPL 30.30[5]). Suffice it to say, discovery compliance is a condition precedent to a valid announcement of readiness for trial (see People v Gonzalezyunga, 71 Misc 3d 1210[A] [Nassau Dist Ct 2021]; People v Lobato, 66 Misc 3d 1230(A) [Crim Ct Kings County 2020]; People v. Martinez, 86 Misc 3d 1248[A][Nassau Dist Ct 2025]). Moreover, "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending," the People cannot be deemed ready for trial unless they have filed a proper certificate of compliance (see CPL 245.50[3]).
In the instant case, Defendant argues that the People have exceeded the time allowed to declare trial readiness under CPL 30.30, thereby violating her right to a speedy trial. Specifically, Defendant contends that a minimum of 106 days are chargeable to the People from Defendant's arraignment on September 25, 2024 through at least January 9, 2025. Although defense counsel acknowledges that the People filed a COC and COR with the court on December 20, 2024 and a SCOC and SCOR on January 6, 2025, he argues that they are illusory and invalid and do not serve to toll the speedy trial time. 
In opposition, the People maintain that they have not exceeded their speedy trial time. They contend that the December 20, 2024 filing of their COC and COR stopped the speedy trial clock and concede all the time from Defendant's arraignment through certification for a total of 87 days. 
As explained supra, the People's December 20, 2024 COC, as well as, the People's January 6, 2025 SCOC were found to be invalid and as such, the corresponding COR and SCOR failed to stop the speedy trial clock. Therefore, the time from Defendant's arraignment on September 25, 2024 through at least January 9, 2025 is chargeable to the People, for a minimum of 106 days.
Accordingly, Defendant's speedy trial motion is GRANTED and the accusatory [*7]instrument, together with the charge contained therein, is hereby dismissed.
So Ordered.
HON. JACLENE AGAZARIAN, DCJ
Dated: January 20, 2026

Footnotes

Footnote 1:The Court exercises its discretion in determining this motion without the underlying motion papers attached as an exhibit since the Court has reviewed the necessary papers which are maintained within the court file (see: Rostant v Swersky, 79 AD3d 456, 456 [1st Dept 2010]; True Health Pharmacy, Inc. V. Global Liberty Insurance Company, 64 Misc 3d 128[A][Sup Ct Appellate Term, 2019] ).

Footnote 2:The People do argue that the motion is untimely pursuant to CPL 255.20(2) as all pre-trial motions are to be included in the same set of motion papers. CPL 255.20(3) authorizes the court "in the interest of justice, and for good cause shown, ...[to] at any time before sentence, entertain and dispose of the motion on the merits." The Court therefore rejects the People's argument as it set the instant motion schedule as a result of the People's late disclosure.

Footnote 3:The version of CPL 245.50(4)(b) in effect on June 6, 2025 provided: "[t]o the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposing party as soon as practicable."