■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EFRAIN SILVA and DAVID SILVA, Respondents.—Orders of the Supreme Court, New York County (Neco, J.), entered on July 11 and 12, 1984, respectively, setting aside jury verdicts convicting defendants of attempted burglary in the third degree and dismissing the indictment,* unanimously reversed, on the law, the convictions for attempted burglary in the third degree reinstated, and the matter remanded for further proceedings.

The convictions arose from defendants' attempts to burglarize a 1981 Dodge van of approximately 1½ tons' capacity, used to transport cargo to and from the city's airports. The trial court set aside the convictions on the ground that the van did not fall within the definition of a "building" set forth in Penal Law § 140.00 (2). The Court of Appeals has since held that such a van "meets the statutory definition of a building because it may be considered either an 'inclosed motor truck' or a vehicle used for 'carrying on business therein'." *(People v Mincione,* 66 NY2d 995, 997.)

Defendants' motion to set aside the verdict was made orally and the court ruled orally on the record. Defendants claim the appeal is "procedurally flawed" under CPLR 2220 because defendants' counsel was not served with copies of the orders. The claim has no validity as the CPLR has no application to criminal actions and proceedings *(see,* CPL 1.10). The People are not required to serve a written order as a prerequisite to appeal where the order has been entered on the record *(see, People v Price,* 67 AD2d 990). Concur—Kupferman, J. P., Fein, Lynch, Milonas and Ellerin, JJ.

---

* The court did not disturb the verdict convicting defendant Efrain Silva of possession of burglar's tools, for which he was sentenced to one year's imprisonment. That conviction is not the subject of these appeals.