[677 NYS2d 356]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM
CRISP, Respondent.

First Department, September 10, 1998

## APPEARANCES OF COUNSEL

*Alan Wolf* of counsel (*Louise E. Weiss* and *Alan Gadlin* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for appellant.

## OPINION OF THE COURT

SULLIVAN, J. P.

This appeal presents the issue of whether, as the motion court held, the People denied defendant his statutory right to testify before the Grand Jury (CPL 190.50 [5] [a]) when defense counsel mailed defendant's notice of intent to testify six days before the case was presented to the Grand Jury but, as the record shows, the notice was not received by the District Attorney's office until five days after the presentation and four days after the filing of the indictment. Inasmuch as defendant's notice was not received until after the filing of the indictment, it was untimely and the indictment should be reinstated.

On September 5, 1996, after defendant's August 28, 1996 arraignment in the Criminal Court on a felony complaint charging him with criminal possession of a weapon in the third and fourth degrees and his release on his own recognizance, defense counsel sent a letter, "Certified Mail R. R.R.", to the District Attorney's office, attention of the "Grand Jury", advising that defendant wished to testify before the Grand Jury pursuant to CPL 190.50. The return receipt does not indicate any date of receipt. The District Attorney had not received counsel's letter as of September 11, 1996, when the case was presented to the Grand Jury, which voted to indict that same day; the indictment was filed the next day, September 12, 1996. The District Attorney's office did not receive defense counsel's September 5, 1996 letter asserting defendant's intent to testify until September 16, 1996.*

When, upon receipt of the notice, the prosecutor advised defense counsel that the case had already been presented and an indictment filed, defendant moved to dismiss the indictment

---

* While it is true that the date the District Attorney's mailroom received the notice is not included in the space on the form reserved for that information under column headed "DATE RECEIVED (BY MAILROOM)", the date—"9/16/96" —is written instead in the upper right-hand corner of the form. This is also the date that every piece of mail listed on the page was received by the bureau or unit to which it was routed. Moreover, none of the entries on the form have the date received by the mailroom in the space reserved for that information. Thus, the conclusion is unavoidable that the notice was not received until September 16, 1996, four days after the indictment was filed.

on the ground he was denied his right to testify before the Grand Jury.

In granting defendant's motion, the motion court concluded that since notice of defendant's request to testify had been mailed prior to the indictment, notice was, "in fact, served prior to the filing of the indictment." The analysis is faulty since it equates the posting of a written notice of a request to testify with "service upon the district attorney" of such notice.

CPL 190.50 (5) (a) provides, insofar as relevant, that a defendant, in order to exercise his right to testify before the Grand Jury, must, prior to the filing of an indictment, "serve[ ] upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent." Only "[u]pon service upon the district attorney of [such] a notice" is the prosecutor required to "notify the foreman of the grand jury * * * and * * * subsequently serve upon the applicant * * * a notice that he will be heard by the grand jury at a given time and place." (CPL 190.50 [5] [b].)

If service of the notice requesting to appear were complete upon mailing rather than upon receipt, the District Attorney would be unable to fulfill his statutory obligations. While CPL 190.50 (5) (b) requires the District Attorney to act when the request is "serv[ed]", not when it is received, he becomes aware of the defendant's request to appear not when the request is mailed, but only when it is received. Accordingly, the notice of intent to testify should be deemed timely served only if the People actually receive it before the filing of the indictment since the receipt of such notice triggers reciprocal obligations on the prosecutor's part that cannot be fulfilled without actual notice of such intent. (*See, People v Evans*, 79 NY2d 407.)

Any other interpretation of the statutory language makes prosecutorial compliance with the reciprocal obligations impossible, and would, no doubt, introduce gamesmanship into the process. For instance, a defendant incarcerated on a felony complaint that, under the circumstances, must be presented to a Grand Jury within five days of arrest (CPL 180.80), need only mail the notice of intent to testify just before the expiration of the five-day period. He could then use the People's resulting failure to serve the reciprocal notice as a ground to dismiss the indictment, thereby obtaining a second review of the charges by another Grand Jury. Here, there can be no dispute that the District Attorney did not receive the notice until four days after the filing of the indictment and that, prior

to the presentation of the case to the Grand Jury, defendant had given the People no reason whatsoever to suspect that he had any interest in testifying.

The obligation to assure receipt of notice should rest with the party required to give such notice. Furthermore, common sense would dictate that the People should be charged with depriving a defendant of his right to testify before the Grand Jury only when the defendant can show that, before the filing of the indictment, the prosecutor received notice of his intent and, notwithstanding, failed to notify him of the time and place of the proceeding. Any other construction would allow a prosecutor, as here, to go forward with a Grand Jury proceeding completely unaware of the defendant's desire to testify and, for reasons beyond his control, face dismissal of the indictment. If a defendant elects to mail the notice, rather than serve it personally or by facsimile, surely it is not asking too much for defense counsel to confirm with the prosecutor, either by telephone or in person, that such a request has been made.

In that connection, there can be no dispute that the prosecutor acted reasonably and in good faith in proceeding with the Grand Jury presentation. At his arraignment on the felony complaint, upon receipt of notice of the prosecutor's intent to present the case to a Grand Jury, defendant gave no indication whatever of any desire to testify at such proceeding. After arraignment, defense counsel waited eight days to post notice of defendant's request to testify. As this record shows, the prosecutor did not receive notice of such intent during the two-week period between arraignment and indictment. In the circumstances, if fault is to be assessed, it lies with defense counsel in failing to notify the prosecutor expeditiously of defendant's intent to testify.

Accordingly, the order of the Supreme Court, New York County (Herbert Adlerberg, J.), entered on or about October 24, 1996, which granted defendant's motion to dismiss the indictment, with leave to re-present, should be reversed, on the law and on the facts, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

ROSENBERGER, RUBIN and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 24, 1996, reversed, on the law and the facts, defendant's motion to dismiss the indictment denied, the indictment reinstated and the matter remanded for further proceedings.