■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS C. HOLDEN, Also Known as CURTIS HOLDER, Appellant. [689 NYS2d 40] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J., on speedy trial motions; Elbert Hinkson, J., at jury trial and sentence), rendered June 5, 1995, convicting defendant of assault in the first degree and criminal sale of a controlled substance in the third degree, and sentencing him, as a second violent felony offender, to consecutive terms of 7½

to 15 years and 5 to 10 years, respectively, unanimously affirmed.

The court properly refused defendant's request to charge the justification defense since it was not supported by any reasonable view of the evidence (*see, People v Watts*, 57 NY2d 299, 301), even when defendant's testimony is viewed in its most favorable light. Under such a view, even if defendant's claim that the first shot was fired by the victim (a police officer participating in an undercover drug operation) could be credited, defendant nevertheless precipitated the gunfight by arming himself and displaying a firearm before he had any reason to believe that his victim was about to use deadly force against him. Moreover, according to defendant's testimony, he had an opportunity to retreat but instead chose to approach his victim (*see, People v Matias*, 235 AD2d 298, *lv denied* 89 NY2d 1038).

Defendant's speedy trial motion was properly denied. Contrary to defendant's contention, there was no basis for the court to grant his motion summarily. While the People's initial response did not specifically identify all the exclusions upon which they relied, the People explained that they were awaiting minutes, which had been ordered, as well as the release of defendant's medical records, to enable them to address each period. The fact that the People failed to discuss each period specifically did not require the court to grant the motion summarily (*People v Owens*, 214 AD2d 480, *lv denied* 86 NY2d 799).

Turning to the merits of the motion, we find that two time periods are dispositive. We reject defendant's argument that the period from October 28 to December 15, 1992 was includable on the grounds that the People's statement of readiness was illusory and that the People unreasonably delayed their response to discovery demands. The People declared their present readiness for trial on October 14th (*People v Delgado*, 209 AD2d 218, 219, *lv denied* 84 NY2d 1030) and there was nothing illusory about such statement of readiness (*see, People v Dushain*, 247 AD2d 234, *lv denied* 91 NY2d 1007). We further find that the discovery delay did not affect the People's readiness and was not unreasonable in any event.

The period of December 18, 1993 to February 15, 1994, the time during which the People were responding to defendant's first speedy trial motion, was excludable. The time set forth in CPLR 2214 (b) for answering a motion was not applicable (*People v Silva*, 122 AD2d 750). The record reveals that the delay resulted from the unavailability of minutes to be

furnished by the court reporters, who were not under the People's control (*People v Hueston*, 171 AD2d 812, 813; *see also*, *People v Foy*, 249 AD2d 217, *lv denied* 92 NY2d 897). In any event, even if we were to find that the delay in responding to the motion was inadequately explained, we would find the delay was not so unreasonable as to require that any of the time be included (*see*, *People v Davila*, 257 AD2d 485).

When the aforesaid time periods are subtracted from the total amount of time that defendant claims to be includable, the remainder falls short of the 184 days in which the People were required to be ready. Therefore, we need not consider any other periods claimed by defendant to be includable. Concur— Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.