■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM CRISP, Respondent. [700 NYS2d 693] —Upon reargument, the determination of this Court, entered September 10, 1998, (246 AD2d 84) unanimously reversing the order of the Supreme Court, New York County (Herbert Adlerberg, J.), entered on or about October 24, 1996, which granted defendant's motion to dismiss the indictment, with leave to re-present, on the ground that the People violated defendant's statutory right to testify before the grand jury, and denying the motion, reinstating the indictment and remanding the matter for further proceedings, is adhered to.

In light of our decisions in *People v Silva* (122 AD2d 750) and *People v Holden* (260 AD2d 233, *lv denied* 93 NY2d 1003), we find defendant's arguments to be unavailing with regard to the applicability of CPLR provisions to this criminal proceeding. This is especially true in the absence of any express reference to the CPLR in CPL 190.50 (5) and in view of the Court of Appeals' practice of interpreting CPL provisions in accordance with the CPL's statutory scheme and without resort to the CPLR (*see, People v Coaye*, 68 NY2d 857, 858-859; n). Concur—Nardelli, J. P., Williams, Ellerin, Rubin and Andrias, JJ.