OPINION OF THE COURT
Memorandum.
Order reversed on the law, defendants’ motion to dismiss the accusatory instrument denied, accusatory instrument reinstated, and matter remanded to the court below for all further proceedings thereon.
In this prosecution based on defendants’ alleged violation of local ordinances requiring landfill permits and barring the diversion of rainwater onto neighboring properties, defendants moved pretrial to dismiss the accusatory instruments pursuant to CPLR 3211 (a) (7). The Justice Court granted the motion, concluding, in essence, that there was a legal impediment to conviction (CPL 170.30 [1] [f]), finding that defendants’ proof in support of the motion established both their entitlement to an exclusion from the permit requirement and the People’s inability to prove, on the facts, that defendants are legally responsible for the alleged illegal diversion of rainwater onto a neighbor’s property.
Defendants’ motion should have been denied. With rare exceptions (e.g. CPL 60.10), the CPLR is inapplicable to criminal proceedings (CPLR 101; CPL 1.10 [1]; People v Knobel, 94 NY2d 226, 230 [1999]; People v Crisp, 268 AD2d 247 [2000]; People v Silva, 122 AD2d 750 [1986]; see generally People ex rel. Hirschberg v Orange County Ct., 271 NY 151, 155 [1936]). The authority of a criminal court to dismiss an information pursuant to a pretrial motion (see CPL 170.30) does not include a motion for accelerated judgment available to civil court litigants (see CPLR 3211, 3212), and, in any event, the court had no authority to dismiss an accusatory instrument on the ground that, in its view, the People could not produce sufficient evidence to prevail at trial (e.g. People v Asher, 16 Misc 3d 89, 91 [App Term, 9th & 10th Jud Dists 2007]). Thus, on this record, there were no grounds to dismiss the accusatory instrument upon defendants’ pretrial motion (see CPL 170.30).
*69 Accordingly, the order is reversed, defendants’ motion to dismiss the accusatory instrument is denied, the accusatory instrument is reinstated, and the matter is remanded to the Justice Court for all further proceedings thereon.
Rudolph, EJ., Molía and Scheinkman, JJ, concur.