■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES TORRES, Appellant. [951 NYS2d 522]—

The motion court erred in denying defendant's motion to dismiss the indictment pursuant to CPL 190.50. Defendant served notice on the prosecution that he wanted to testify before the grand jury at his initial arraignment on a felony complaint. A first indictment was subsequently dismissed on the ground that defendant was not afforded an opportunity to testify before the grand jury. It is undisputed that the People were aware that defendant wanted to testify at the re-presentation of the case to the grand jury.

When a second indictment was issued following a grand jury proceeding at which defendant did not appear, defendant's counsel moved to dismiss, stating that he had never received any notice from the People concerning the date for the new grand jury presentation, written or otherwise. In response, the

People stated that defense counsel had been given notice by mail of the presentation, and the prosecutor attached a copy of a letter purportedly sent to counsel, which was marked with an "/S/" in the signature line. The People, however, did not identify who mailed the notice, and did not offer any supporting information beyond submitting an unsigned copy of the letter purportedly mailed to defendant's counsel. They provided no affidavit of service and proffered not even a general explanation of their office mailing procedures.

Under these circumstances, we find that the People failed to meet their burden of showing that they provided defendant actual notice of the scheduled grand jury proceeding (*see People v Crisp*, 246 AD2d 84, 86-87 [1st Dept 1998], *adhered to on rearg* 268 AD2d 247 [1st Dept 2000], *lv denied* 94 NY2d 946 [2000]). In the absence of any competent proof of mailing, by way of affidavit of service, proof of regular office practice, or otherwise, we find no basis upon which to presume receipt (*see e.g. Morrison Cohen Singer & Weinstein, LLP v Brophy*, 19 AD3d 161 [2005]).

We have considered and rejected the People's preservation and other procedural arguments. While the People argue that the record is insufficient to permit review, any insufficiency is the result of the People's failure to present proof of mailing in response to counsel's clearly-articulated denial of receipt.

In light of this determination, which dismisses the indictment, we find it unnecessary to address defendant's remaining arguments. Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.