Garry, J.
Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered April 24, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and menacing in the second degree, and (2) by permission, from an order of said court, entered May 31, 2011, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with criminal possession of a weapon in the third degree and menacing in the second degree after he allegedly attacked an acquaintance on Quail Street in the City of Albany and held a knife to the man’s throat. Following a jury trial, he was convicted as charged and sentenced as a second felony offender to an aggregate prison *867 term of SVa to 7 years. Acting pro se, defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, alleging that he had received the ineffective assistance of counsel. County Court denied the motion without a hearing, and subsequently denied defendant’s motion for reargument or renewal. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
Defendant first contends that County Court erred in permitting the People to add a name to their witness list on the day that this witness testified at trial. Upon being advised of the facts to which the witness would testify, defense counsel objected that the testimony was unfairly surprising and would undermine his theory of defense. However, the People had discovered this new witness just before the commencement of trial, as he had been included — albeit under a partially incorrect name — in defendant’s own witness list. Noting that the People are not statutorily required to disclose the identities of witnesses, we find no abuse of the court’s discretion (see People v Lynch, 23 NY2d 262, 271-272 [1968]; People v Coleman, 178 AD2d 842, 844 [1991], revd on other grounds 81 NY2d 826 [1993]; People v Miller, 106 AD2d 787, 788 [1984]).
Defendant challenges both the judgment of conviction and the denial of his CPL 440.10 motion on several grounds related to the presentence investigation report (hereinafter PSI). However, his claim that the PSI contained inaccurate information regarding his criminal, social and family history is unpreserved (see People v Williams, 89 AD3d 1222, 1224 [2011], lv denied 18 NY3d 887 [2012]; People v Swartz, 23 AD3d 917, 918 [2005], lv denied 6 NY3d 818 [2006]), and his contention that his trial counsel provided ineffective assistance by failing to conduct an adequate review of the PSI with him is unsupported by the record or by any evidentiary submission other than defendant’s affidavit. At sentencing, defendant’s trial counsel stated that he was given adequate time to review the PSI, and he raised several objections to its contents. Defendant was given an opportunity to speak, and could have expressed dissatisfaction with his counsel or with his opportunity to review the PSI, but declined to do so. Finally, we reject defendant’s claim that the inclusion of a police officer’s statements in the PSI violated his 6th Amendment right of confrontation as set forth in Crawford v Washington (541 US 36 [2004]). This protection pertains to the admissibility of testimonial statements at trial and does not extend to sentencing (see People v Leon, 10 NY3d 122, 124-126 [2008], cert denied 554 US 926 [2008]).
*868 Defendant next contends that his trial counsel provided him with ineffective assistance by failing to inform him of favorable plea offers. The record reveals that the People extended a plea offer to defendant shortly after his arraignment, which he rejected in open court after consultation with his trial counsel. In his postconviction motion pursuant to CPL 440.10, defendant asserted that his counsel informed him during the trial that the People had recently extended another offer that would have allowed him to plead guilty to a misdemeanor, but that trial counsel had rejected this offer without consulting him. This claim was supported only by defendant’s affidavit and was unsubstantiated by “any other proof that a plea offer was made” (People v Gunney, 13 AD3d 980, 983 [2004], lv denied 5 NY3d 789 [2005]). In denying the motion, County Court noted that, in any event, in light of defendant’s significant criminal history, a misdemeanor plea would not have been approved. Given the court’s familiarity with the matter and the inadequacy of defendant’s submissions, we find no error in the denial of the motion without a hearing (see People v Ellis, 53 AD3d 776, 777 [2008]; People v Robetoy, 48 AD3d 881, 883 [2008]).
Approximately six months after the denial of defendant’s motion pursuant to CPL 440.10 in May 2011, he submitted a pro se motion seeking reargument or renewal based upon newly discovered evidence consisting of a November 2011 letter from the special prosecutor who tried his case.* Defendant argues that this letter proves that his trial counsel failed to advise him of favorable preindictment plea offers. The Criminal Procedure Law permits a court to vacate a judgment of conviction based upon new evidence discovered after the judgment was entered which the defendant could not previously have produced with due diligence and “which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable” (CPL 440.10 [1] [g]; see CPL 440.10 [3] [b], [c]). Even assuming that defendant based his motion upon this provision, he did not meet this showing, nor demonstrate the requisite due diligence. The letter fails to support defendant’s claim that the People made a misdemeanor *869 plea offer shortly before his trial, but indicates instead that such offers were made before defendant was indicted — and that defendant himself, appearing pro se or while represented by other counsel, “rejected any and all plea bargain offers” during this time. Notably, defendant conceded in his CPL article 440 motion that he had received and “flatly rejected” one favorable preindictment plea offer. The letter further clearly states that the special prosecutor “never, once” received correspondence from defendant on this issue before November 2011. Accordingly, defendant did not meet his burden to establish “every essential fact” needed to justify vacatur of the judgment (People v Lackey, 48 AD3d 982, 982 [2008], lv denied 10 NY3d 936 [2008]; see People v Tucker, 40 AD3d 1213, 1214 [2007], lv denied 9 NY3d 882 [2007]).
Defendant’s remaining contentions have been reviewed and found to be without merit.
Peters, P.J., Rose and Stein, JJ., concur. Ordered that the judgment and order are affirmed.

 Although not addressed by the People, we note that this application was made “pursuant to CPLR Rule 2221 and CPLR Rule 5015.” We find no authority allowing application of these provisions in this criminal action (see CPL 1.10 [1] [a]; CPLR 101, 105 [d]; see also People v Crisp, 268 AD2d 247, 247 [2000], lv denied 94 NY2d 946 [2000]). Further, the Criminal Procedure Law does not provide for reargument following denial of a motion pursuant to CPL 440.10, nor is there a right to appeal from the denial of reargument under CPLR 2221 (see Matter of Linney v City of Plattsburgh, 49 AD3d 1020, 1022 [2008]).