Supreme Court, Appellate Division
Third Judicial Department
Decided and Entered:    November 17, 2016                    107438

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

HENRI G. LAMONT,
                        Appellant.
_____

Calendar Date:   October 11, 2016

Before:   Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                    _____

        Henri G. Lamont, Moravia, appellant pro se.

        Joel E. Abelove, District Attorney, Troy (Vincent J.
O'Neill of counsel), for respondent.

                    _____

Lynch, J.

        Appeal from an order of the County Court of Rensselaer
County (Ceresia, J.), entered October 16, 2014, which denied
defendant's motion to, among other things, vacate a prior
decision of said court denying his motion to vacate the judgment
of conviction.

        In September 2003, defendant was convicted, following a
jury trial, of criminal possession of a weapon in the third
degree (two counts), criminal possession of marihuana in the
fourth degree and criminal possession of a controlled substance
in the seventh degree (21 AD3d 1129, 1130 [2005], lv denied 6
NY3d 835 [2006]).  On appeal, that judgment of conviction was
affirmed by this Court (id. at 1134).  In December 2012,
defendant filed a motion, which he denominated a CPLR 5015
motion, to vacate the September 2003 judgment based upon alleged

newly discovered evidence and in the interest of justice. Finding that CPLR 5015 does not apply to a criminal action, County Court construed defendant's motion as a CPL article 440 motion to vacate the judgment of conviction and denied the motion in an April 2013 order. In May 2014, defendant filed a another motion denominated as a CPLR 5015 motion – based upon the same grounds as his previous December 2012 motion – seeking to vacate the September 2003 judgment and County Court's April 2013 order denying his December 2012 motion. In an October 2014 order, County Court construed defendant's May 2014 motion as a motion to reargue pursuant to CPLR 2221 (d) (2) and denied the motion. Defendant now appeals.

It is axiomatic that the CPLR governs in civil proceedings (see CPLR 101, 105 [d]), and the CPL governs in criminal actions (see CPL 1.10 [1] [a]; People ex rel. Hirschberg v Orange County Ct., 271 NY 151, 155-156 [1936]). Defendant's May 2014 motion was made pursuant to CPLR 2221 and 5015, and he has provided no authority allowing application of those provisions in this criminal action (see People v Stacchini, 108 AD3d 866, 868 n [2013]; People v Crisp, 268 AD2d 247, 247 [2000], lv denied 94 NY2d 946 [2000]; People v Holden, 260 AD2d 233, 234 [1999], lv denied 93 NY2d 1003 [1999]; People v Silva, 122 AD2d 750, 750 [1986]). Furthermore, inasmuch as County Court construed defendant's December 2012 motion as one made pursuant to CPL article 440 – the denial of which may only be appealed with permission of this Court (see CPL 460.15) – the Criminal Procedure Law does not provide for reargument following denial of a motion made pursuant to CPL article 440 (see People v Stacchini, 108 AD3d at 868 n). In any event, to the extent that defendant sought reargument pursuant to CPLR 2221 in his May 2014 motion, there is also no "right to appeal from the denial of reargument under CPLR 2221" (id.; see e.g. People ex rel. Adams v Cunningham, 134 AD3d 1258, 1259 [2015]; Matter of Linney v City of Plattsburgh, 49 AD3d 1020, 1022 [2008]; Matter of King v Town Council of Coxsackie, 35 AD3d 1120, 1120-1121 [2006]). Accordingly, defendant's claims are not properly before us, and the appeal must be dismissed.

Peters, P.J., Devine, Clark and Aarons, JJ., concur.

ORDERED that the appeal is dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court