People v Jeter (2024 NY Slip Op 50652(U))

[*1]

People v Jeter

2024 NY Slip Op 50652(U)

Decided on May 31, 2024

Criminal Court Of The City Of New York, Bronx County

Mikhaleva, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 31, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Eddie Jeter, Defendant.

Docket No. CR-02913-23BX

Defendant by Danielle Altchiler, Esq., The Bronx Defenders. 360 E 161 Street, Bronx NY 10451 daltchiler@bronxdefenders.org
People by A.D.A., Elizabeth Doty, Esq., Bronx County District Attorney's Office, 265 East 161 Street, 8th Fl., Bronx NY 10451 dotye@bronxda.nyc.gov

Anna Mikhaleva, J.

Defendant Eddie Jeter was arrested on December 6, 2023, and charged with Operating a Motor Vehicle while Under the Influence of Alcohol or Drug, VTL §§ 1192 (3), a misdemeanor, and 1192 (1), a violation. He was arraigned on December 7, 2023, and released on his own recognizance. The case was adjourned to January 22, 2024, for the People to file a supporting deposition and a certificate of compliance ("COC"). 
On January 22, 2024, the People were not converted and not compliant, and the case was adjourned to March 11, 2024.
By email dated February 13, 2024, the People sent defense counsel a link to a OneDrive folder (the "OneDrive Folder") containing certain initial discovery materials (Altchiler Affirm., Ex. A). In addition to defense counsel, this email included "BxD Discovery," the Bronx Defenders' Discovery Department (id., Altchiler Affirm., ¶ 8). According to defense counsel:
The Bronx Defenders Discovery Department has a specific practice for handling discovery. Upon receipt of discovery from the prosecution, the Discovery Department promptly downloads all discovery and places it into an internal OneDrive folder that is accessible to staff only. It is this internal OneDrive folder that defense attorneys access for the purpose of reviewing discovery shared by the prosecution. The Discovery Department organizes each internal folder according to the date of the prosecution's disclosure to create a clear record of which evidence was disclosed at which time.
(id., ¶ 9).
This internal process is allegedly "known" to the People (id., ¶ 10). As evidence of this fact, defense counsel submits two emails from the Bronx Defenders' Managing Director to the Bronx District Attorney's Office explaining the above-protocol and requesting that assistant district attorneys be reminded to email both the assigned defense attorney and the Bronx [*2]Defenders' Discovery Department "any time additional discovery is shared" (id., Exs. B, D).[FN1]
Neither email states anything about service being invalid if it is not done in accordance with this protocol.
On February 15, 2024, when the People filed their supporting deposition via New York State Unified Court System's Electronic Document Delivery System ("EDDS"), they uploaded the document to the OneDrive Folder and emailed a copy of both the supporting deposition and the EDDS receipt to the Court, defense counsel and the Bronx Defenders' Discovery Department (id., Exs. E, F).
As concerns the COC, on the 90th day, by email dated March 6, 2024, and time-stamped 9:53 A.M., the People notified defense counsel that additional discovery was being added to the One Drive Folder and re-shared the link to the folder for counsel's convenience. The People also stated that they "will be filing the COC/SOR [Statement of Readiness] with the court and will share with you shortly" (id., Ex. G). This 9:53 A.M. email included only defense counsel, and not the Bronx Defenders' Discovery Department (id.). By email time-stamped 10:06 A.M., on the same date, the People emailed that, "the DUI Defense Packet for calibration reports and stimulator solutions," which were not previously included in the OneDrive Folder, were now shared (id.). The 10:06 A.M. email did include the Bronx Defenders Discovery Department. By email time-stamped 10:07 A.M., the People re-shared the link to the One Drive Folder with defense counsel and the Discovery Department (id.).
Sometime shortly thereafter, the Discovery Department downloaded the newly added documents to the One Drive Folder to its own separate discovery folder and defense counsel reviewed the items shared (Altchiler Affirm., ¶ 13, n.1). At this time, no COC or SOR was in the shared One Drive Folder (id., Ex. H). According to a screenshot of the One Drive Folder shared by the People, a COC and SOR appear to have been added to the One Drive Folder at 10:23 A.M. — i.e., 16 minutes after the link to the folder was re-shared with defense counsel and the Discovery Department (Doty Affirm., Exs. 3, 4). The COC and SOR were filed with the Court via EDDS at 10:25 A.M. and the EDDS receipt was then uploaded to the One Drive Folder one minute later at 10:26 A.M. (id., Ex. 5). By email dated March 6, 2024, and time-stamped 10:57 A.M., the People forwarded both the COC and SOR to the Court, stating that these documents have "been filed on EDDS per below receipt and shared with defense via this email and onedrive" (id., Ex. 12 [emphasis added]). However, neither defense counsel nor the Bronx Defenders' Discovery Department were copied on this 10:57 A.M. email.
When the parties appeared in Court on March 11, 2024 — the 95th day [FN2]
following arraignment — the People asserted that they timely filed the COC and SOR, but defense counsel disputed that service on defendant was properly made. According to defense counsel, defendant did not know that the COC and SOR were filed until earlier that morning (Altchiler Affirm., Ex. J; id., ¶ 14). The Court directed defendant to file a motion to resolve the issue.
DISCUSSION
In a misdemeanor case, the People must be ready for trial ninety days from the time a criminal action is commenced, less any excludable time (CPL § 30.30 [1][b]; People v Brown, 28 NY3d 392, 403 [2016]). The day of arraignment is excluded from any speedy trial calculation (People v Stiles, 70 NY2d 765 [1987]). The "speedy trial clock" is tolled when the People declare ready for trial (People v Labate, — NE3d —, 2024 NY Slip Op 01582, 2024 WL 1199349 [March 21, 2024]). To be deemed ready for trial, the People must file their statement of readiness ("SOR") and "serve upon the defendant and file with the court a certificate of compliance," certifying that they have complied with their discovery obligations (CPL §§ 245.50 [1]; 245.50 [3]). The statute is silent as to what constitutes effective service (People v Miller, 79 Misc 3d 1032, 1036 [Crim Ct, Bronx County 2023]).
Here, defendant argues that the People were not timely ready for trial because they failed to properly serve their COC and SOR as they did not separately email these documents to defense counsel or otherwise notify counsel that they had been uploaded to the One Drive Folder. This failure, defendant argues, compromises the purpose of a COC, which is to notify the Court and defense that all required discovery has been disclosed, and to permit the defendant to timely file their own reciprocal COC or take the necessary steps to challenge the COC, as appropriate. Accordingly, because the COC and SOR were not served on defendant on March 6, 2024 (the 90th day), defendant argues that the People were not ready for trial within the statutory time period and all charges against defendant must be dismissed.
In opposition, the People contend that their COC and SOR were timely because they emailed defense counsel on the morning of the 90th day to share additional discovery, plainly stated that they "will be filing the COC/SOR with the court shortly," and then promptly uploaded the COC and SOR to the One Drive Folder, the link to which had been re-shared that morning. The People concede that it was error not to include defense counsel on the email to the Court forwarding the COC, SOR and EDDS receipts, but argue that this error was inadvertent and should not invalidate the COC and SOR, which were otherwise timely filed in good faith, and after the People shared voluminous discovery with defendant and gave notice that the COC and SOR were being filed and would be shared shortly.
The single issue presented by this motion is whether this failure to separately email the defense a copy of the timely-filed COC and SOR, or to otherwise notify defense that these documents were being uploaded to the One Drive Folder, renders the COC and SOR untimely. On this record and for the reasons explained below, the Court finds that it does not.
Although CPL § 245.50 (1) requires the People "to serve upon the defendant and file with the court" a COC when the People have provided all the discovery required by CPL [*3]§245.20, as concerns trial readiness, CPL § 245.50 (3) provides that, "[n]otwithstanding the provisions of any other law," the Prosecution must only "file a proper certificate pursuant to subdivision one of this section" to be deemed ready for trial (emphasis added). This distinction comports with appellate authority that statements of readiness "are deemed effective at the time of filing, provided that defense counsel is promptly notified" (People v Anderson, 252 AD2d 399, 400 [1st Dept 1998] [emphasis added] [citing the Court of Appeals in People v Kendzia, 64 NY2d 331, 337 [1985]). This also comports with case law from this Court that, "[i]t is the filing of the statement, not service, that is critical, and all that is required is 'prompt' notice to defense counsel" (People v McClure, 80 Misc 3d 238, 241 [Crim Ct, Bronx County 2023] [citing Kendzia, supra]; People v Miller, 79 Misc 3d 1032 [Crim Ct, Bronx County 2023]).
McClure and Miller are both instructive. In McClure, the People properly filed a COC and SOR but erroneously served these papers on prior counsel, correcting their mistake only on the next date by sending the papers to new counsel, who had been substituted in the case the month prior (80 Misc 3d 238). Defendant argued that one more day was chargeable to the People as a result of their service on the wrong attorney. The Court (Grieco, J.) disagreed, finding that the Court of Appeals' decision in Kendzia, supra, and its progeny made clear that the critical element of the analysis was timely filing, so long as the defendant was promptly notified thereafter, which, in that case, he was because the People corrected their mistake on the very next day.
Miller concerned a slightly longer time period between filing and actual notice to defense counsel. There, the People properly filed their COC and SOR with the Court via EDDS but sent an email purportedly attaching their COC, SOR and certain discovery to an "incorrect" email address for defense counsel. Because the email never "bounced back," the error was not discovered until the next court appearance, approximately five weeks later. The Court (Gonzalez-Taylor, J.) nonetheless determined that the speedy trial clock stopped with the filing of the COC and SOR, even though these documents were emailed to the wrong address because, among other things, "the People's intent, reasonableness and good faith were manifest in their multiple filings" (79 Misc 3d at 1038-39 [citing People v Carter, 91 NY2d 795 (1998) as instructive]). 
Inasmuch as defendant cites to an unpublished decision in People v Herrera, it is distinguishable as, in that case, the "wrong COC" was served, and the actual COC for the defendant in that case was served on counsel for his co-defendant and not on the defendant's lawyer (Crim Ct, Bronx County, December 16, 2022, Morales J., CR-003194-22BX; Altchiler Affirm., Ex. N). In reaching its decision, the Court (Morales, J.) explained that, importantly, "[t]he COC for each defendant is slightly different," and — "perhaps more importantly" — the complaint in Herrera was never properly converted because the People also failed to file or serve a necessary supporting deposition for one of the two complainants (id., *3-4).
In this case, the People emailed defense counsel on the morning of the 90th day to serve additional discovery and reshare the link to the OneDrive Folder. The People clearly stated that they "will be filing the COC/SOR with the court and will share shortly" (Altchiler Affirm., Ex. G). The COC and SOR were uploaded to the OneDrive Folder a mere 16 minutes later. The documents were then filed via EDDS and emailed to the Court, with the EDDS receipt, within that same morning hour. It is not disputed that defense counsel should have been copied on that email. However, the email itself indicates that this error was, indeed, inadvertent as the People state that the COC was being "shared with defense via this email and onedrive" (Doty Affirm., [*4]Ex. 12 [emphasis added]). To the extent that defense counsel never received this filing and no one at Bronx Defenders' looked at the OneDrive Folder after 10:25 A.M. when the COC was added thereto, defendant was promptly notified of the People's filing in open court just five days later. Viewed in this context, the Court finds that the People properly filed their COC, thus stopping the speedy trial clock on the 90th day, and promptly served the defendant thereafter.[FN3]
 Ninety days are chargeable to the People.
Accordingly, the motion to dismiss on statutory speedy trial grounds pursuant to CPL §§ 30.30 (1)(b) and 170.30(1) is denied, and the motion for an Allard hearing, made in the alternative to the extent any disputed issues of material fact exist, is also denied.
Dated: May 31, 2024
Hon. Anna Mikhaleva

Footnotes

Footnote 1: Defense counsel also attaches a heavily redacted internal email dated January 30, 2023, from the same Managing Director to another attorney in their office that states, "You are correct that we've never given consent to being served COCs via OneDrive — that is, we have not agreed that sending COCs via OneDrive alone constitutes effective service. Many ADAs will include COCs (as well as ADFs and other things) in OneDrive folders — in my view, that in and of itself is not problematic, but does not constitute service unless we have been specifically informed via ADA (e.g., in an email) that a COC has been provided in such a manner (e.g., in lieu of attaching it to an email)" (Altchiler Affirm., Ex. M). The Court does not find this document to be probative on the issue as it is heavily redacted, devoid of any context, and entirely self-serving as, at most, it speaks only to the "view" of the writer and not to what protocol, if any, has actually been agreed to by the prosecution and defense. No written agreement as to any protocol is provided.

Footnote 2: Defendant's papers incorrectly refer to March 11, 2024, as the 94th day following arraignment.

Footnote 3: To be sure, and as the People concede, defense counsel had no obligation to reach out to the People concerning the COC and SOR. The fact that counsel had no duty to inquire, however, does not mean that COC and SOR will be deemed untimely on the facts here.