People v Anidjar (2025 NY Slip Op 50275(U))

[*1]

People v Anidjar

2025 NY Slip Op 50275(U)

Decided on March 3, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
David N. Anidjar, Defendant.

Docket No. CR-016777-24KN

Tehilah H. Berman, J.

By motion filed January 3, 2025, defendant David N. Anidjar ("defendant" or "Anidjar") moves for an order (i) deeming the People's Certificate of Compliance (COC) and Statement of Readiness (SOR) improper pursuant to Criminal Procedure Law ("CPL") §§ 245.50 and 245.20, claiming that the People failed to perform their discovery obligations, and (ii) dismissing the accusatory instrument pursuant to CPL § 30.30, claiming that the People have exceeded the statutory speedy trial time. The People contend that their COC and SOR are proper, as they were filed in good faith after exercising due diligence, and that the time chargeable to the People does not exceed the statutory limitation. Further, the People contend that the motion should be dismissed since it was untimely. For the reasons set forth below, the motion to dismiss is DENIED.
This case raises the issue of whether the People met their statutory discovery obligation under CPL 245.20 by sending defense counsel a link to a OneDrive folder containing initial discovery materials and then mailing a USB containing all the required discovery materials, even though it was alleged that the USB was ripped from the package in transit. 
Defendant was arraigned on a misdemeanor complaint on May 3, 2024. He was charged with criminal mischief in the fourth degree (PL 145.00(1) and "overdriving, torturing, and injurying animals of failure to provide proper sustenance for animals" (Agricultural and Markets Law ("AM") § 353. The court action sheet indicates that the next appearance date was June 17, 2024, and that the final date for the People to file the COC and SOR was August 2, 2024. By email dated June 22, 2024, the People sent defense counsel a link to a OneDrive folder containing certain initial discovery materials. On July 8, 2024, defendant served the People with a Notice of Rejection of Electronic Service, with the following statement: 
Pursuant to CPLR § 2103 (b)(7) counsel for Defendant has never authorized or consented to service by email or any other electronic means and that Levi Huebner & Associates, PC, counsel for the within Defendant, rejects service by electronic means including discovery. Please be advised that in our firm's junk folder, the undersigned discovered the People's email dated Saturday, June 22, 2024, an email from the People, purporting to contain an electronic link to discovery. Please be further advised that our firm is not capable of downloading an accepting electronic delivery limited to the email of the undersigned and that Pursuant to CPLR § 2101(f) the email dated June 22, 2024, is [*2]hereby returned and rejected.
Defense counsel informed the People"[o]ur office is fine with a USB or hard copies of the discovery, by First Class Mail, or FedEx or UPS." On July 17, 2024, the People filed their COC and SOR. The filed Affirmation of Service indicates that the People served a copy of the discovery by placing it in a postpaid envelope addressed to Defense Counsel and deposited it in an official depository of the United States Postal Service ("USPS"). 

By email dated July 17, 2024, the People informed defense counsel that they filed their COC and mailed out a USB drive to the address presented by Counsel with all discovery, and attached a certified mail receipt. The People also expressed interest in a potential disposition. By emails dated July 24, 2024 and August 5, 2024, defense counsel claimed that he had still not received the USB drive containing the discovery. Defense counsel mentioned that his mailing address had changed, but claimed that it had "nothing to do with the failure of the package to be delivered." The assigned ADA replied to defense counsel's email with a scanned copy of proof of service and delivery. By email dated August 22, 2024, ADA Rojas stated: "While the mail was on its way, you notified ADA Dudkin that you were changing addresses, and we asked you to provide us again, with a USB Drive or some device for us to be able to re-send the discovery to your new address, as we had already made the courtesy of providing one... ADA Dudkin received in the mail, a USPS envelope inside a bag marked by USPS as mail without contents, as it appears, the USB drive ripped out during transport from the envelope, and the mail was returned .. For pickup by sender." ADA Rojas further informed defense counsel "I have several emails, and also made several phone calls to you, asking you for a USB Drive or another device, and asking you to please stop by our Offices to provide this device, and that at that same meeting we would be able to upload the files, and return it to you. You have failed to provide us with a date in which you are coming to bring this, and/or another alternative." The People contend that defense counsel had agreed to come in person to pick up the USB but failed to do so.
At a court appearance on September 4, 2024, the People served defense counsel with a USB containing the discovery, and the People and defense counsel were directed to confer pursuant to CPL 245.25. Defense counsel stated their intent to file a motion to dismiss and a motion schedule was set. On October 1, 2024, defense counsel sent an email to the court requesting an extension to file the motion to dismiss and permission was granted to serve and file the motion by October 10, 2024. Defense counsel again requested an extension on November 14, 2024. The court action sheet notes from January 2, 2024 indicate that defense counsel failed to confer and filed a motion to dismiss. 
CPL 245.20 requires disclosure of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]). The People must file a COC after they have "provided the discovery required by subdivision one of section 245.20" (CPL 245.50 [1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances." Id. 
At the outset, this court takes judicial notice that OneDrive is the portal which the People use to pass along discovery materials. People v. Jeter, 2024 NY Slip Op 50652(U), 2024 NY Misc. LEXIS 2355, *1 (Crim. Ct. Bronx Co. 2024); People v. Samuel, 2024 NYLJ LEXIS 3219, *3-4 (Crim. Ct. Kings Co. 2024); People v. Howard, 78 Misc 3d 1103, 1109 (Crim. Ct. Bronx [*3]Co. 2023). Accordingly, this court finds that the People acted reasonably and in good faith when they sent a link to a OneDrive folder containing the initial discovery materials on June 22, 2024.
Citing CPLR §§ 2103(b)(7) and 2101(f), defendant claimed as a basis for his notice of rejection that he never authorized or consented to service by email or any other electronic means. That section of the CPLR provides that in a civil proceeding papers may not be served upon an attorney by electronic means unless "such transmission shall be upon the party's written consent." However, the "CPLR has no application to criminal actions and proceedings." People v Lamont, 144 AD3d 1330, 1331 (3d Dept. 2016)People v. Crisp, 268 AD2d 247, 247 (1st Dept. 2000); People v. Silva, 122 AD2d 750, 750 (1st Dept. 1986). Accordingly, defendant had no basis for rejecting the electronic transmission of the discovery materials and unnecessarily prolonged the prosecution of this matter. 
Furthermore, it is undisputed that the People mailed a USB with the discovery on July 17, 2024, on the same day they filed their COC, and that they used the address that was provided by defense counsel. It is well established that "proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee." Progressive Cas. Ins. Co. v. Infinite Ortho Prods., Inc., 127 AD3d 1050, 1051 (2d Dept. 2015). The presumption is "based upon the probability that officers of the government will perform their duty." Peoples Nat'l Bank v. Weiner, 129 AD2d 782, 785 (2d Dept. 1987). Having submitted the certified mail receipt, the People were entitled to the presumption that the USB was received by defense counsel. The discovery statute does not subject the prosecutor to "strict liability," meaning that "the statute does not require or anticipate a 'perfect prosecutor." People v. Bay, 41 NY3d 200, 212 (2023). Therefore, even if as alleged, the USB was ripped out of the envelope, the People may not be subjected to a negative inference, and the People are deemed to have acted reasonably and in good faith in filing the COC on July 17, 2024. 
A defendant seeking dismissal pursuant to CPL 30.30 must prove that the People have failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]). To be deemed ready for trial, the People must file and serve upon the defendant their SOR and COC, certifying that they have complied with their discovery obligations (CPL §§ 245.50 [1]; 245.50 [3]). In this matter, the top count is a misdemeanor punishable by a sentence of imprisonment of more than three months. Pursuant to CPL 30.30(1)(b), the People were required announce their readiness for trial within ninety days of the commencement of the criminal action. Defendant claims that since the People's discovery was not actually received by defendant until September 10, 2024, this renders the People's COC invalid and SOR illusory. There is no dispute that Defendant was arraigned on May 3, 2024, and that the People filed their COC and SOR on July 17, 2024. Furthermore, this court finds that the People acted reasonably in meeting their discovery obligations and that they filed their COC in good faith. Therefore, the People were charged 75 days from commencement to the date of the filing of the COC and SOR on July 17, 2024. Since People did not exceed their speedy-trial time limitation, defendant's motion to dismiss is DENIED. This constitutes the decision and order of the court.
Dated: March 3, 2025
Hon. Tehilah H. Berman
Judge, Criminal Court