People v Chavez (2026 NY Slip Op 50291(U))

[*1]

People v Chavez

2026 NY Slip Op 50291(U)

Decided on March 11, 2026

Criminal Court Of The City Of New York, New York County

Lally, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2026
Criminal Court of the City of New York, New York County

The People of the State of New York

againstMichael Chavez, Defendant.

Docket No. CR-031136-25NY

For Defendant: Alexander Moulter, Esq., Neighborhood Defender Service of Harlem, 317 Lenox Avenue, 10th Floor, New York, NY 10027For the People: Jessica Waldman, Esq., New York County District Attorney's Office, One Hogan Place, New York, NY 10013

Kacie A. Lally, J.

Defendant Michael Chavez moves to dismiss this matter pursuant to Criminal Procedure Law ("CPL") § 30.30. For the reasons set forth below, the Defendant's motion is denied.
On October 3, 2025, an accusatory instrument was filed, charging the Defendant with Assault in the Third Degree (PL § 120.00 [1]), Assault in the Third Degree (PL § 120.00 [2]), Criminal Obstruction of Breathing or Blood Circulation (PL § 121.11 [a]), Aggravated Harassment in the Second Degree (PL § 240.30 [4]), Attempted Assault in the Third Degree (PL §§ 110/120.00 [1]), and Harassment in the Second Degree (PL § 240.26 [1]). He was arraigned on October 4, 2025. The most serious count charged is a Class A misdemeanor, therefore, the People are required to be ready for trial within 90 days of commencement of the criminal action, absent excludable time (CPL 30.30 [1] [b]). Once a defendant has alleged an unexcused delay greater than the statutory allowance, the burden shifts to the People to demonstrate that specific periods of delay should be excluded (see People v Santos, 68 NY2d 859, 861 [1986]; People v Berkowitz, 50 NY2d 333, 349 [1980]).
In his motion to dismiss, the Defendant argues that 100 days are chargeable to the People. The People, on the other hand, contend that only 88 days should be charged. This Court finds that 89 days are chargeable to the People, as follows:
A. October 3, 2025 to November 20, 2025: 48 days
On October 3, 2025, the accusatory instrument was filed. The Defendant was arraigned the following day, on October 4, 2025. The case was adjourned to November 20, 2025, for the People to obtain a supporting deposition from the complainant. This 48-day period is chargeable to the People.[FN1]

B. November 20, 2025 to January 5, 2026: 41 days
On November 20, 2025, the People did not have a supporting deposition. The case was adjourned to January 5, 2026, for them to obtain one. In the interim, on December 30, 2025, the People filed the supporting deposition off-calendar with the court via Electronic Document Delivery System (EDDS), and served it via email to defense counsel's business email address.
The following day, on December 31, 2025, the People shared discovery materials with defense counsel via eDiscovery. On that same date, the People filed with the court via EDDS a Certificate of Compliance (COC), a Certificate of Readiness (COR) and an Automatic Discovery Form (ADF); the People served these documents on defense counsel via certified mail to his business address. 
On January 2, 2026, defense counsel responded to the People's December 30, 2025 email attaching the supporting deposition; defense counsel's emailed response stated, "No thjs [sic] is not valid service" (People's exhibit 2).
C. January 5, 2026 to March 11, 2026: 0 days
On January 5, 2026, the People stated that they were ready for trial. Defense counsel requested an opportunity to file the instant motion. The case was adjourned to March 11, 2026, for motion practice and the Court's decision. This period is not chargeable to the People (CPL 30.30 [4] [a]).
The Defendant argues that the People's service of the supporting deposition by email did not comply with the service of process requirements in Civil Practice Law and Rules ("CPLR") § 2103. He contends that, because the CPL is silent as to proper methods of service, the CPLR service provisions must apply.[FN2]
He further asserts that service of the supporting deposition via email would be permissible only with prior written authorization from defense counsel, which he [*2]did not provide. 
According to the Defendant, because the People failed to properly serve the supporting deposition, the People failed to convert the misdemeanor complaint to an information, and thus were not legally ready for trial within 90 days as required by CPL 30.30 (1) (b). The Court disagrees.
The Criminal Procedure Law requires that certain materials be "served" on defense counsel, including COCs (CPL 245.50 [1]), CORs (CPL 245.20 [3]), and pre-sentence memoranda (CPL 390.40 [2]). The CPLR defines appropriate methods of valid service on opposing counsel (see CPLR § 2103); the CPL, however, is silent as to what constitutes such service. Generally, "the CPLR has no application to criminal actions and proceedings" (People v Silva 122 AD2d 750 [1st Dept 1986]; People v Holden, 260 AD2d 233, 234 [1st Dept 1999]), unless specifically incorporated by reference (People v Crisp, 268 AD2d 247 [1st Dept 2000]; People v DeFreitas, 48 Misc 3d 569, 573-577 [Crim Ct, NY County 2015]). Criminal courts may look to the CPLR when no applicable provisions exist in the CPL, but are not bound by it (see People v Godoy, 180 Misc 2d 771, 773 [Crim Ct, NY County 1999]; People v Bauza, 78 Misc 3d 1222[A], 2023 NY Slip Op 50318[U], *2 [Sup Ct, Kings County 2023]).
Indeed, "the service rules of the CPLR are not automatically applicable to criminal cases" (People v Cunningham, 64 Misc 3d 776, 780 [Crim Ct, NY County 2019]), and the First Department has specifically declined to apply CPLR service provisions to criminal proceedings. In People v. Crisp, the First Department held that a defendant's request to testify before the grand jury, pursuant to CPL 190.50 (5) (a), is deemed "served" when it is "actually receive[d]" by the People, rather than when it is "mailed," as is required by the CPLR (246 AD2d 84 [1st Dept 1998]; compare CPLR § 2103 (b) (2). In doing so, the First Department considered the practical implications of adherence to the CPLR definition of "service," noting that, "[i]f service of the notice . . . were complete upon the mailing rather than upon receipt, the District Attorney would be unable to fulfill his statutory obligations"[FN3]
(Crisp, 246 AD2d at 86). "Any other interpretation of the statutory language," the First Department cautioned, "would, no doubt, introduce gamesmanship in the process" (id.; Crisp, 268 AD2d 247, 247 [1st Dept 2000] [on reargument, finding "defendant's arguments to be unavailing with regard to the applicability of CPLR provisions" to the "criminal proceeding," in the "absence of any express reference to the CPLR" and "in view of the Court of Appeals' practice of interpreting CPL provisions in accordance with the CPL's statutory scheme without resort to the CPLR"] see People v Fulton, 162 Misc 2d 360, 361 [Sup Ct, Monroe County] [holding that, because "the CPLR does not govern criminal proceedings, it cannot be said that" the "enumerated methods" in CPLR § 2103 "are the exclusive methods of serving papers in a criminal case").
So too here, the Court considers the practical implications of defense counsel's proposed [*3]adherence to CPLR service requirements. New York City Criminal Court handles well over one hundred thousand cases each year.[FN4]
Both the prosecution and the defense routinely communicate via email with each other, and with court staff, to confirm motion schedules; request extensions of time, adjournments, and virtual appearances; confer regarding discovery issues; and discuss potential dispositions. Permitting a party to choose when to avail themselves of the convenience of electronic communication, while simultaneously asserting a procedural defect when their adversary does so, runs the risk of "introduc[ing] gamesmanship in the process" (Crisp, 246 AD2d at 86). 
The People and defense counsel also regularly serve documents upon one another via email, including motions, supporting depositions, COCs, and CORs. To require compliance with the CPLR for service of these documents would demand the physical mailing of tens of thousands of documents: an expenditure of time and resources perhaps negligible in any particular case, but when considered in the aggregate, significant.
To be clear, the expenditure of time and other resources does not outweigh a defendant's constitutional or statutory rights and interests. Here, however, the physical mailing of a supporting deposition confers on a defendant no benefit whatsoever, as compared with an emailed version. To the contrary: an emailed document is transmitted, and received, almost instantaneously. It is easily forwarded if, for example, an attorney at a defense provider organization transfers a case to a colleague. And in these days of flexible working arrangements, an attorney may be more likely to receive an emailed document than one sent via mail to an office address. Requiring adherence to the CPLR may even disadvantage defendants: even where a defense attorney may prefer service via email for its speed and dependability, prosecutors may err on the side of caution by physically mailing supporting depositions, COCs, and CORs, at the risk that these documents might otherwise be deemed invalid and the case dismissed.
Moreover, even among courts that are bound by the CPLR, the clear trend is toward not simply permitting, but rather, requiring electronic service. Civil courts at all levels throughout New York State now require electronic service (see 22 NYCRR 202.5-bb [requiring electronic service in all cases subject to mandatory electronic filing]; chapter 579 of the Laws of 2024 [authorizing mandatory electronic filing]; 
https://ww2.nycourts.gov/rules/efiling/index.shtml [listing New York State courts subject to electronic filing and thus mandatory electronic service]). Notwithstanding the seven methods of service set forth in CPLR § 2103, those methods are becoming the exception, and email service on defense counsel the rule (id.; see also Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, R. 5.2). This accords with a recognition throughout New York State that electronic filing and service is quickly becoming the norm. (See People v Licius, —NY3d— 2025 NY Slip Op 05873 [2025] [holding that electronic filing of a COR after 5:00 PM tolls the People's speedy trial time]; Admin Order of Chief Admin Judge of Cts AO/121/20 [requiring electronic filing to commence new matters and electronic service of papers]; Admin Order of Chief Admin Judge of [*4]Cts AO/131/25 [authorizing voluntary filing and service of documents by electronic means in superior criminal courts]). 
Here, defense counsel offers no explanation for his refusal to accept service of the supporting deposition by email, other than reliance upon the CPLR. He does not represent any difficulty in using or accessing email, either in general, or in this case in particular. He does not contend that he did not receive the email attaching the supporting deposition. Rather, defense counsel responded to that email, necessarily indicating receipt. 
The purpose of filing and serving a supporting deposition, in addition to converting an accusatory instrument to an information, is to enable a defendant to raise any challenge to such conversion (see CPL 170.35). That end was accomplished here: defense counsel acknowledged receipt of the supporting deposition and raises no challenge to conversion.
The Court finds that the People's service of the supporting deposition by email on December 30, 2025, was proper. The speedy trial clock was tolled on December 31, 2025, when the People filed and served the COC and COR. The 41-day period from November 20 to December 31, 2025 is chargeable to the People.
Accordingly, 89 days are chargeable to the People; the motion to dismiss is denied. 
This opinion constitutes the decision and order of the Court.
Dated: March 11, 2026New York, New YorkKacie A. Lally, J.C.C.

Footnotes

Footnote 1:The People and the Defendant both calculate this time period as 47 days. Both parties assert that this adjournment period began on October 4, 2025, the date on which the Defendant was arraigned. CPL 1.20 (17), however, provides that "[a] criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court." Here, the accusatory instrument was filed on October 3, 2025. The speedy trial clock started running the next day (People v Stiles, 70 NY2d 765, 767 [1987]).

Footnote 2:In the Defendant's initial motion papers, he argues that the supporting deposition was impermissibly served by email. In his reply to the People's opposition papers, the Defendant repeatedly refers to improper email service of the COC and COR. This Court assumes that the references in the reply papers to improper service of the COC and COR is a typographical error. The People affirm, and the Defendant does not contest, that the People served the COC and COR on defense counsel by certified mail.

Footnote 3:Specifically, if CPL 190.50 notice were deemed "served" when it was mailed, then "for instance, a defendant incarcerated on a felony complaint that . . . must be presented to a grand jury within five days of arrest (CPL 180.80), need only mail the notice of intent to testify just before the expiration of the five-day period. He could then use the People's resulting failure to serve the reciprocal notice as a ground to dismiss the indictment" (id. at 86-87).

Footnote 4:According to the New York State Unified Court System Division of Technology & Court Research, the five boroughs comprising New York City Criminal Court arraigned 194,891 cases in 2025, and 181,528 cases in 2024 (https://ww2.nycourts.gov/caseload-trends-36966).